JACOB M. GAY, plaintiff in error, *vs.* W. W. CHENEY, administrator, defendant in error.

1. After appearance and appeal and two verdicts, it is too late to object to process because the same was not signed by the clerk. The sole object of the process is to bring the defendant into court.

2. When, by mistake, judgment has been entered up in favor of a former administratrix, whose letters had abated by marriage, it is proper for the court to correct the mistake and amend the judgment, so as to make it read in favor of the administrator *de bonis non*, who had been duly made a party, and was the real party plaintiff when the judgment to be corrected was entered.

Process. Service. Judgments. Amendment. Administrators and Executors. Before Judge CLARK. Schley Superior Court. April Term, 1876.

Reported in the opinion.

HAWKINS & HAWKINS; COOK & CRISP, for plaintiff in error.

C. B. HUDSON; B. B. HINTON & SON; ALLEN FORT, for defendant.

JACKSON, Judge.

1. Cheney moved to amend a judgment entered up against

Gay, so as to make it read in favor of him (Cheney) as administrator *de bonis non*, etc., instead of in favor of the former administratrix, whose letters had abated by her marriage. Cheney had been duly made a party plaintiff before the verdict and judgment, but the counsel, by mistake, had entered it up in favor of the administratrix, who had brought the suit, but whose letters abated by marriage *pendente lite*. Gay objected because process had not been signed by the clerk to the original suit. But he had appeared and answered and appealed, and there were two verdicts against him. It was too late for him to object to the process; nor did he make better his case by withdrawing his plea. He had his full day in court, and the process which brought him in accomplished the only object of process, which was to notify him of the suit and bring him into court.

2. The court did right to amend the judgment and make it ·speak the truth, and conform to the proceedings—Code, §3494. It was in the discretion of the judge to grant time to the defendant to look further into the case to see if he could drum up a defense, and we will not control his discretion in refusing time. It is difficult to see how any evidence could alter the truth, which the record spoke, or vary the judgment, which the court must have rendered. Time could have done the defendant no good.

Judgment affirmed.