FLOURNOY & EPPING *vs.* RUTLEDGE *et al.*

73   795
d117 522

73   795
120 1072

1. A summons of garnishment was sued out, directed "To D. F. Wilcox, agent for Merchants' Insurance Company, of Newark, Insurance Company of North America, Western Assurance Company, Crescent Insurance Company," in which it was stated that, "You are hereby required personally to appear at the superior court . . to answer upon oath . . what said insurance companies named above are indebted to the said (defendant), or what property or effects you have in your hands belonging to the defendant," etc.:

*Held*, that the summons of garnishment was sufficient, although it embraced several foreign insurance companies, being directed to one person who is agent for them all. It is not joint as to these companies, but several, and they are not sued jointly because embraced in the same process. (Blandford, J.).

2. After summons of garnishment has been issued and served, and

the garnishee has appeared and filed an answer, admitting in-debtness to the defendant, and tendered the money in court in discharge of its liability under the garnishment, it is too late to tender an issue and traverse as to the legality of the summons of garnishment or return of the sheriff. Appearance and pleading waives all objection to the process and return of the officer.

October 21, 1884.

Garnishment. Parties. Principai and Agent. Process. Waiver. Before Judge WILLIS. Muscogee Superior Court. May Term, 1884.

Reported in the decision.

HATCHER & PEABODY, for plaintiffs in error.

PEABODY & BRANNON; GOETCHIUS & CHAPPELL; L. F. GARRARD, for defendants.

BLANDFORD, Justice.

On the 14th day of January, 1884, plaintiffs in error, Flournoy & Epping, caused an attachment to issue in their favor for the sum of $260.75 against W. T. Rutledge, and had the same levied by service of summons of garnish-ment on the Merchants' Insurance Company, of Newark, on the Insurance Company of North America, on the Western Assurance Company, and on the Crescent Insur-ance Company.

On the 7th day of March, 1884, D. F. Wilcox, agent, filed their four separate answers, one for each of the above named companies, admitting an indebtedness on the part of each company to W. T. Rutledge of the sum of $433.90, which said answers were supplemented by further answer from D. F. Wilcox, filed on the 12th day of May, 1884, setting forth that the facts contained in said answers were unchanged.

On the 3d day of June, 1884, D. F. Wilcox, as agent of the Merchants' Insurance Company, of Newark, New Jersey,

filed a traverse to the return of the sheriff of his.levy of attachment, by service of summons of garnishment, in the following words, to·wit:

" And now comes the Merchants' Insurance Company, of Newark, N. J., the garnishee in the above stated case, and traverses and de-nies the following return made by J. G. Burrus, sheriff of said county, made on the writ of attachment, and also on the writ of garnishment issued in said case, in the words following, to-wit:

" ' Executed the within attachment by serving a summons of gar-nishment on the following companies, to-wit: Merchants' Insurance Company, of Newark, N. J.; Western Assurance Company, of To-ronto, Canada; Insurance Company of North America, Philadelphia; Crescent Insurance Company, of New Orleans, by handing said sum-mons of garnishment to D. F. Wilcox, agent of said companies at Columbus, Muscogee county, Georgia, at 10 o'clock and 30 minutes A. M., January 14th, 1884. J. G. Burrus, Sheriff.'

And also the following return made by J. G. Burrus, sheriff, to-wit:

" ' Executed the within by serving a summons of garnishment on the following companies, to-wit: Merchants' Insurance Company, of Newark, N. J.; Western Assurance Company, of Toronto, Canada; Insurance Company of North America, Philadelphia; Crescent Insur-ance Company, of New Orleans, by handing said summons of gar-nishment to D. F. Wilcox, agent of said companies at Columbus, Muscogee county, Georgia, 10 o'clock and 30 minutes A. M., January 14th, 1884. J. G. Burrus, Sheriff.'

"And this respondent says that the said returns are not true in this: that the said J. G. Burrus, sheriff, served but one summons of garnishment in said case upon the said Wilcox, which is in the fol-lowing words and figures, to-wit:

" ' State of Georgia, Muscogee County:·

' To D. F. Wilcox, agent for Merchants' Insurance Company, of Newark, Insurance Company of North America, Western Assurance Company, Crescent Insurance Company: You are hereby required . personally to attend at the superior court, to be held for Muscogee ·· county, on the 2d Monday of May next, to answer upon oath, in gar- ·· nishment, at the instance of Flournoy & Epping, against William T. . Rutledge, what said insurance companies named above are indebted ` to the said William T. Rutledge, or what property or effects you have · in your hands belonging to the defendant, and also what you have ` become indebted to the defendant, or what property and effects of .

v 73-48

Flournoy & Epping *vs.* Rutledge *et al.*

defendant you have received since the time of the service hereof. This 14th day of January, 1884.

M. C. WOOTTEN, N. P. & Ex-off. J. P. [L. S.]'

"And this respondent says that neither said attachment nor said garnishment were served otherwise, or in any other manner, than by the service of said summons of garnishment as above set forth by said J. G. Burrus, sheriff, upon the said D. F. Wilcox, and that the service of said summons, as aforesaid, is the service set forth and described by said sheriff in his said return.

"And this respondent says that the service of said summons, as aforesaid, on said D. F. Wilcox was not and is not a service of summons of garnishment upon this respondent, and of this it puts itself upon the county.

GOETCHIUS & CHAPPELL, Attys. for the Garnishee.

"GEORGIA, Muscogee County:

"D. F. Wilcox, agent for the Merchants' Insurance Company, of Newark, N. J., comes before me, and, being duly sworn, says that the facts set forth in the foregoing traverse are true as therein stated.

"Sworn to and subscribed before me this —— day of May, 1884.

"D. F. WILCOX."

To which said traverse plaintiffs in error, Flournoy & Epping, filed their demurrer, which, after argument, was overruled by the court, to which plaintiff excepted and assign as error No. 1.

1. For myself, I think that the process, the summons of garnishment in this case, was sufficient, notwithstanding it embraced several parties who are foreign insurance companies, it being directed to one person who is agent for all the companies. It is not joint as to these companies, but several. They are required severally to answer the garnishment, and I cannot see how they can be considered as being sued jointly because they are embraced in the same process. 46 *Ga.*, 606.

2. However this may be, we are all agreed that the defendant in error, after it had appeared and filed an answer, admitted indebtedness to the defendant in attachment, and offered and tendered the money in court, in discharge of its liability under the garnishment, was too late to tender an issue and traverse as to the legality of the summons of garnishment or return of the sheriff. Appearance and

pleading waived all objections as to the process and return of the officer. Code, §§3335; 59 *Ga.*, 463; 41 *Id.*, 202; 51 *Id.*, 114; 56 *Id.*, 51, 195, 517; 58 *Id.*, 417; 56 *Id.*, 394; 25 *Id.*, 646. These authorities fully sustain this position. Judgment reversed.