COLUMBUS IRON WORKS CO. *et al. v.* POU.

1. Where a garnishment upon a judgment was sued out under section 3538 of the code, in a county other than that in which the judgment was rendered, and the requirements of that section as to making out, certifying and returning copies of the garnishment affidavit and bond were not complied with, there could be no lawful judgment upon the garnishment in favor of the plaintiff, either against a surety upon a bond given to dissolve the garnishment, or against the garnishee.

2. Irrespective of many of the questions presented by the bill of exceptions, the judgment rendered was manifestly unauthorized by law.

June 1, 1896.  By two Justices.  Argued at the last term.

Appeal. Before Judge Butt. Muscogee superior court. November term, 1894.

On June 13, 1893, a member of the firm of Pou Brothers made affidavit before a justice of the peace of Muscogee county, to obtain process of garnishment, averring that W. H. Bagley was indebted to said firm stated amounts "on a judgment obtained at the May term of the justice court of the 787th district, Chattahoochee county, Ga." Thereupon summons of garnishment issued, directed to the Columbus Iron Works Co., which answered that it was indebted to defendant $100 at time of service, etc. Subsequently judgment for defendant was rendered by the justice of Muscogee county; and plaintiffs appealed to the su-

perior court. When the case came on for hearing there, Bagley moved to dismiss the garnishment proceedings, on the ground, among others, that it did not appear from the papers that the justice of Muscogee county made out a certified copy of the affidavit and bond to obtain the garnishment, nor that the officer serving the summons made any return or transmitted such certified affidavit and bond, with his actings and doings thereon, to the justice's court of Chattahoochee county where judgment had been obtained against Bagley; there being nothing to show a connection between the proceedings in the two justice's courts. The motion was overruled, and the case went to trial, Bagley tendering several issues including one involving the same negative facts as those just related. Under the charge of the court, the jury found the issues in favor of plaintiffs. Defendant moved in arrest of judgment, on two grounds, one being substantially the same as that of the motion to dismiss. The motion to arrest was also overruled; and judgment in favor of plaintiffs against the garnishee was entered. Bagley and the garnishee excepted.

*Brannon, Hatcher & Martin* and *Miller, Wynn & Miller*, for plaintiffs in error.

*H. V. Hargett* and *Wimbish & Worrill*, contra.

LUMPKIN, Justice.

A judgment was rendered in favor of Pou Brothers against Bagley in a justice's court in Chattahoochee county, and the plaintiffs sued out a garnishment in Muscogee county, which was directed to the Columbus Iron Works Company, a corporation of the latter county, and made returnable to a justice's court therein. The case finally reached the superior court of Muscogee county, and resulted in a judgment against the garnishee, which has been brought to this court for review by a bill of exceptions containing numerous assignments of error. Irrespective of

many of the questions which it presents, the judgment below was manifestly unauthorized by law, for the reason that the plaintiffs failed to comply with those essential requirements of section 3538 of the code which are indicated in the head-note; and as the garnishment was sued out under this section, the plaintiffs' failure to observe its directions was fatal to the validity of the garnishment proceedings, and consequently no lawful judgment based thereon could be rendered in their favor. There was nothing to connect the garnishment proceedings with the judgment rendered in Chattahoochee county, and according to the decision of this court in *West* v. *Harvey*, 81 *Ga*. 711, something of this sort was indispensable to the validity of the garnishment. There being no attempt to follow the provisions of section 3537 of the code, it has no application to this case. *Judgment reversed.*