## CARR & COMPANY *v.* RONEY.

Where a garnishment was sued out, under the Civil Code, §4716, in one county, based upon a suit pending in another, it was erroneous to dismiss the garnishment proceeding upon the ground that it did not affirmatively appear from the original affidavit and bond that the officer who took the same had made out a certified copy thereof, and that the officer who served the summons had transmitted such certified copy with his return thereon to the court where the main case was pending.

Argued July 16, — Decided August 14, 1903.

Garnishment. Before Judge Brinson. Richmond superior court. October 30, 1902.

*William H. Barrett,* for plaintiffs.     *Hamilton Phinizy,* contra.

FISH, P. J.   C. D. Carr & Company sued out a garnishment in Richmond county, based upon a suit pending in Columbia county, in which they were plaintiffs and Smith defendant.   Upon motion of the garnishee, the garnishment proceedings were dismissed by the superior court of Richmond county, upon the ground that it did not affirmatively appear from the original affidavit and bond that the officer who took the same had made out certified copies thereof, and that the officer who served the summons of garnishment had transmitted such certified copies, with his return thereon, to the court in Columbia county where the main case was pending.   The case is here upon a bill of exceptions sued out by Carr & Co., assigning error upon this ruling.

We think the dismissal of the garnishment proceedings was erroneous.   The Civil Code, § 4716, provides that when a person sought to be garnished resides in a county other than that where suit is pending, or in which judgment has been obtained, the plaintiff, his agent, or attorney at law may make affidavit and give bond in the county where the person sought to be garnished resides, before any officer authorized to issue an attachment; and that it shall be the duty of the officer taking such affidavit and bond to make out a copy thereof and certify the same to be true, and to issue the summons of garnishment; and that it shall be the duty of the officer serving such summons to return or transmit the certified affidavit and bond, together with his actings and doings thereon, to the court in which the main case is pending, or in which judgment has been obtained, and to return the original affidavit and

bond to the court where such person is summoned to appear, with his actings and doings thereon.    We think it apparent that the "actings and doings" of the officer serving the summons, which are required to be entered on the original affidavit and bond, relate only to his acts in serving summons of garnishment.    The only duty imposed by the statute upon him in reference to the certified copy of the affidavit and bond is to transmit or return the same, with his actings and doings thereon, to the court where the main case is pending, or where judgment has been obtained.    He is required to enter his acting and doings as to the service of summons of garnishment upon the original affidavit and bond, and also on the certified copy thereof; but there is nothing in the statute requiring him to make an entry upon the original that he has returned or transmitted the certified copy. Of course, it is necessary that the certified copy be made, and that the officer serving the summons shall return or transmit such copy to the court where the main case is pending, or where judgment has been obtained.    The connection between the main case and the garnishment proceeding is shown by the affidavit and bond and the copy thereof.   Counsel for defendant in error rely upon the case of *Columbus Iron Works Co.* v. *Pou*, 98 *Ga.* 516, as sustaining the ruling made by the court below in the present case.    If the ruling made in that case be in conflict with what we now hold, we do not consider it sound, and, having been rendered by only two Justices, we must decline to follow it.            *Judgment reversed.*    *By five Justices.*