## MOORE *v.* SMITH.

</div>

1. Properly construed, the petition sought a recovery on a quantum meruit for services performed.
2. Where a father employs another to care for and nurse his invalid child until the latter's death, promising to give for the services thus rendered a portion of his (the father's) estate, and the father dies before the son, the person thus employed has a claim, based on a quantum meruit, against the father's estate for the value of the services performed during the father's lifetime.
3. An action of the nature above indicated may be maintained against the father's widow, if it appears that there is no administration on the estate, that there are no debts due by it except the claim sued on, that the widow is sole heir, that she is in possession of all of the property of the estate, and that she took possession without notice of any existing debt due by the estate.
4. Failure to allege in the petition that the widow took possession of the estate without notice of any existing debt should be taken advantage of by special demurrer, and does not render the petition subject to a general demurrer.
5. It is not permissible to amend a petition setting forth a cause of action of the nature above indicated, by seeking to recover upon an express contract, made with the widow after her husband's death, to pay a given sum for the services which the plaintiff was employed by the father to perform.

<div align="center">

Argued November 16, — Decided December 20, 1904.

</div>

Complaint. Before Judge Fite. Whitfield superior court. April 5, 1904.

Mrs. Smith brought an action against Mrs. Moore, formerly Mrs. Price, alleging, in substance, as follows: The defendant is indebted to the plaintiff in the sum of $1,725, besides interest. In 1883 Dr. Price, who was then the husband of the defendant, employed the plaintiff to nurse his and the defendant's invalid minor child, agreeing to pay the plaintiff a stated compensation per week for her services. After the plaintiff had remained in Dr. Price's home for one year under the aforesaid agreement, Price contracted with the plaintiff that if "she would remain with them and take care of the said minor son (Tom) of Price and defendant, until his

death, petitioner should share his estate equally with said son and the said defendant." The plaintiff faithfully complied with her part of this contract and took care of the child until 1902, when the child died, "which was then a full performance of her part of said agreement and contract." Dr. Price died in 1897, "and the said defendant, well knowing said contract, ratified the said contract and agreed that it should be carried out," and plaintiff continued to nurse the child, which services were accepted by the defendant. The estate of Dr. Price is worth over $5,000, and the plaintiff is entitled to the sum aforesaid, which the defendant is in possession of, and refuses to pay. The plaintiff previously sued out an attachment to enforce the payment of the sum due her, and had the same levied upon described property. Garnishments were also served upon named persons. If for any reason the plaintiff is not entitled to specific performance, she alleges that her services were worth $1,720, and she prays judgment for that sum, to be satisfied by a sale of the property attached, and for a judgment against the garnishees. The defendant demurred to the petition, on the ground that it set forth no cause of action against her; the cause of action, if any is set forth, being against the estate of Dr. Price, and no reason is set forth why suit is brought against the defendant. The court allowed the plaintiff, over objection of the defendant that it set forth a new cause of action, to file an amendment to the petition, alleging that there were no debts due by the estate of Price except the one sued on, and no necessity for administration, the only parties interested being the parties to this suit. The amendment further alleged that after the defendant took possession of the property of the estate she agreed that if plaintiff would continue to care for the minor child during his life, she should have half of the property which the defendant had received from her husband's estate. It is alleged that the plaintiff performed the services in question upon the faith of this agreement, and that the defendant has become liable to the plaintiff for the value of one-half of the property of the estate, for which judgment is prayed. The court overruled the demurrer, and the defendant excepted, assigning error upon this judgment and upon the allowance of the amendment.

*R. J. & J. McCamy*, for plaintiff in error.
*W. E. Mann* and *Shumate & Maddox*, contra.

COBB, J.　1. While the words "his death," occurring in that part of the petition where the second contract with Price is first referred to, are ambiguous, and should, under the rule, be construed most strongly against the plaintiff, still, when the whole petition is considered together, we think it is clear that the plaintiff intended to allege that she was employed by Price to render services to the son during the son's lifetime.　The subsequent allegation that when the son died the contract was fully performed seems to make this clear.　The cause of action attempted to be set forth in the original petition was not on the contract, but on a quantum meruit for the value of services rendered.　The contract was alleged merely as matter of inducement. ·

2. If, therefore, the suit had been brought against a legal representative of Price's estate, a cause of action would have been set forth, as for a quantum meruit, for services performed during Price's lifetime, it appearing that Price is dead and that consequently specific performance can not be · had.　See *Hudson* v. *Hudson*, 87 *Ga.* 678, 90 *Ga.* 581; *Banks* v. *Howard*, 117 *Ga.* 94.

3. The code provides that upon the death of a husband without lineal descendants, the widow is his sole heir, and that she, upon the payment of his debts, if any, may take possession of his estate, without administration.　Civil Code, § 3355, par. 1.　The code also provides, that, "If the estate has been distributed to the heirs at law, without notice of an existing debt, the creditor may compel them to contribute pro rata to the payment of his debt."　Civil Code, § 3422.　By implication and analogy from these sections, where a husband dies and his widow takes possession of his estate, a creditor of the husband might maintain an action on his debt directly against the widow, upon proof that the widow was sole heir and in possession of the estate, that there was no administration on the estate, that his claim was the only debt due by the estate, and that the widow took possession without notice of any existing debt due by the estate.　The cases of *Johnson* v. *Champion*, 88 *Ga.* 527, and *McElhaney* v. *Crawford*, 96 *Ga.* 174, recognize the creditor's right to bring suit against the widow under such circumstances.　See also, in this connection, *Towns* v. *Mathews*, 91 *Ga.* 546.　The widow is not in such a case to be regarded as the "personal representative" of the estate for all purposes, but she is so far its representative as to authorize the

creditor to sue her under the circumstances above set forth.
While the creditor can require administration, the law will not
compel him to do so, when he can by a suit against the widow
have adjudicated the rights of all persons interested in the estate.
This rule avoids circuity of action.    If an administrator were ap-
pointed, it would be necessary for him to recover possession from
the widow, and then the creditor must obtain judgment against
him.    The law favors directness.    Here the result is the same
whichever method is adopted.    The creditor's claim must at last
be satisfied out of property to which the widow would otherwise
be entitled, and the law will not require three proceedings, one in
the court of ordinary and two in other courts, where the same
result can be accomplished by one.    The recovery against the
widow should be restricted to services performed during the life-
time of Dr. Price.    Of course, the plaintiff might maintain an
action against the widow on a contract made by her for the per-
formance of services to the son after the father's death.    As we
have construed the original petition, there is no effort to recover
on such a contract.    The allegations and prayers are broad enough
to include services rendered after the death of the father, but the
petition seeks a recovery against the widow only as the represen-
tative of the estate.    The fact that the plaintiff may have prayed
for the recovery of too large a sum will not result in the dismissal
of the petition, but on the trial the recovery should be limited to
an amount which would represent the value of services performed
in nursing and caring for the child during the lifetime of his
father.

4. If the widow have notice of an existing debt of her hus-
band's, she can not take possession of his estate; and if she does
so, she is a wrong-doer.    Under such circumstances she might
be sued as executrix in her own wrong for thus dealing with
personalty, but in no other way could an action be maintained
against her as the representative of the estate.    The petition
should, therefore, have alleged that the widow did not have notice
of the debt sued on when she took possession of the property of
the estate.    There is no such allegation in the petition.    Nor does
it allege that the widow did have such notice.    It is necessarily
to be inferred from the allegations that the widow knew of the
contract between Dr. Price and the plaintiff and of the rendition

of the services by her. But it does not appear from the petition that when the widow took possession she knew that the plaintiff had an unsatisfied claim against the husband which was "an existing debt" against his estate. The plaintiff should have alleged distinctly that the widow did not know this, but the failure to do so did not render the petition subject to general demurrer, but only to a special objection, which was not made.

5. So much of the amendment as sought to complete the cause of action outlined in the petition, by showing that there were no other debts and no necessity for administration, and that the widow was in possession, was properly allowed. But that portion of the amendment which sought to set up the contract with the defendant, made after her husband's death, ought to have been rejected  It was clearly open to the objection made to it, that it set forth a new cause of action; and it was subject to the further objection that it sought to recover against the defendant as an individual, whereas in the original petition she was sued as the representative of the estate. Such an amendment as the one sought to be made was not allowable even in an attachment case. Direction will be given that so much of the amendment as related to the contract made with the defendant be stricken.

*Judgment in part affirmed, and in part reversed, with direction. All the Justices concur.*