### 1024. BUNTING *v.* HUTCHINSON, administratrix.

1. Suits between the same parties and upon the same contract do not necessarily involve the same cause of action. A petition setting up a contract between the plaintiff and two other persons, and praying that "she be found to be an heir" of an estate, does not present the same cause of action as a petition setting up a contract between the plaintiff and one other person, by which she, in consideration of certain services to be rendered by her, is to receive at the death of the other one third

of his estate, and he provides that she shall receive a stipulated sum in compliance with such express contract.

(a) While payment of the costs or filing a proper affidavit in forma pauperis is necessary, to recommence a suit dismissed or nonsuited, this requirement has no. application to a different, suit begun by the same plaintiff, although against the identical defendant. The provisions of sections 5043 and 3786 of the Civil Code are not applicable in the present case, and the form of the affidavit presented was immaterial.

(b) Even if the costs in the former suit should have been paid, or proper affidavit filed in lieu thereof, and neither was done, the point could only be taken advantage of by plea in abatement.

2. The amendment setting up the annual value of the petitioner's services was germane, and should have been allowed.

3. It is unnecessary to allege a breach of a contract which only matures upon the death of one of the parties, where the action is brought to recover from the representative of the deceased nothing more than what was expressly stipulated in the contract.

4. Where a clear and explicit promise is made to pay for services in property at the death of the promisor, and such services are rendered in accordance with the contract, the value of the services may be recovered, according to the provisions of the contract, if the survivor, upon the refusal of the representative of the opposite party to pay therefor, elects to waive specific performance.

5. Pleading to the merits, without more, is a waiver of jurisdiction. The filing of a general demurrer is equivalent to a plea to the merits.

6. Neither the opinion nor the admission of counsel can affect the intrinsic character of a cause of action. The classification of each cause of action depends upon the allegations of the petition whereby it is presented.

Complaint, from city court of Valdosta—Judge Smith. January 13, 1908.

Submitted April 21,—Decided November 24, 1908.

*Hendricks & Christian,* for plaintiff.

*Buie & Knight,* for defendant.

RUSSELL, J. The petitioner's suit was dismissed, on general demurrer, and she excepts to the judgment of dismissal. Exceptions were also preserved, pendente lite, to the refusal of an amendment offered by the plaintiff. This is the second suit the plaintiff has brought against the defendant. The former case (*Bunting* v. *Dobson*) is reported in 125 *Ga.* 447. After the former adjudication Mrs. Dobson remarried, and the second suit was brought against her as Mrs. Hutchinson. In the petition in the present case the plaintiff sets forth, that on August 15, 1883, a contract was entered into between the petitioner and J. T. Dobson, deceased, by which it was agreed, if the petitioner would come to

his home and nurse and take care of his invalid mother, etc., "that whatever was accumulated by the joint efforts of J. T. Dobson and the petitioner, . . the petitioner was to receive one third of whatever the estate was worth," at the death of Dobson. It is next set forth, that on account of the condition of Dobson's mother, it was impossible for him to pursue any work or avocation or accumulate anything, without such services as were to be performed by petitioner for his mother; that petitioner fully complied with her contract, and that Dobson died in 1902. It is alleged, that the contract matured at the death of Dobson; that he left an estate of about $9,000, above all indebtedness, and that a written demand has been made upon the administratrix for $3,000, which has been refused. The petitioner prays judgment for $3,000, with interest. At the trial an amendment was offered striking out the words "in the city court of Nashville," from the pauper affidavit which had been filed by the plaintiff in accordance with the terms of the Civil Code, § 5043. The court allowed this amendment, but disallowed an amendment which set up "that the services rendered to the said J. T. Dobson were to be valued at $500 per year for and during the term of twenty years just preceding the 10th of December, 1902, and which several sums of money became due, and all of which several sums of money the said J. T. Dobson covenanted and agreed to pay, which became due on the date of the death of said J. T. Dobson, to wit, September 10, 1902." The petition was dismissed, on demurrer. The judge's order dismissing it is as follows: "The plaintiff's counsel stated in open court that he elected to call this a suit for breach of contract. Upon reading and considering the foregoing demurrer, the same is sustained, on general and special grounds, and the case dismissed." The grounds of special demurrer are, that no breach of contract is shown, the allegation being made, in the 14th paragraph, that he desired the contract as alleged enforced; that the value of services rendered is not alleged, and a quantum meruit is the only remedy, if any, available; that the petition purports to be a suit brought within six months after dismissal, but was brought without payment of costs and without a proper affidavit of inability to pay the costs; and that no copy or substantial statement of the original suit is attached or substantially set out.

1. We are of the opinion that the trial judge erred in disallow-

ing the amendment and in sustaining the demurrer and dismissing plaintiff's petition. We will first consider the points with reference to the dismissal of the former suit, as raised by the special demurrers. We are clear in the opinion that the cause of action in the prior suit of the plaintiff and that involved in the present action are entirely distinct, and, therefore, that the plaintiff, in order to bring this suit, was under no necessity to pay costs or to file an affidavit in forma pauperis. For the same reason, so far from substantially setting forth the contents of the previous petition, she need not have referred to the former action, and therefore, what is said on this subject in the petition shall be disregarded as surplusage. It is clear, from a reading of the summarized statement of facts in *Bunting* v. *Dobson,* supra, and still plainer from an examination we have taken the trouble to make of the original record in that case, not only that a different contract, so far as Dobson's undertaking is concerned, is set forth, but also that the intrinsic nature of the action in the present instance is not the same as in the former suit. The former action was, in effect, an equitable petition, seeking the specific performance of a contract by which the petitioner was to "share a child's interest in whatever was accumulated by the three parties aforesaid" (Dobson, his mother, and the petitioner) ; and the prayer of the petitioner was that "she be found to be an heir of said estate, and have and recover from the said estate the sum of $3,000." As Judge Evans, delivering the opinion of the court, says : "There is no attempt on the part of the pleader to declare on a quantum meruit; there is not the slightest suggestion in the petition as to the value of the services rendered, nor any prayer to recover for such services." The Supreme Court then proceeded to call attention to the fact that the contract relied upon in that case was unenforceable, because the mother of Dobson, alleged to be one of the parties to the contract, had never assented thereto. Speaking of the contract then set forth, the court says : "The only interpretation that can be placed on this contract is that it was an agreement between two parties that the accumulation of property subsequently to the contract by the parties thereto and by a third person should ultimately be divided upon the basis that, should one of the two parties to the contract survive the other, she should receive a child's interest in whatever was accumulated by

the three." The contract alleged in the present petition concerns only the petitioner and J. T. Dobson. The plaintiff says that Dobson contracted to pay her one third of whatever his estate might be at the time of his death, in consideration of certain services which she says she performed; and she asks to recover the equivalent in value of what Dobson promised to pay. The petition is so worded that it is somewhat difficult to designate it appropriately, but it may safely be said to be a suit on (not for the breach of) a contract which had matured by the death of the opposite party, for the value of the services, in accordance with the terms of the express contract,—not a quantum meruit, perhaps, but a quantum valebat.

Regardless, however, of whether the petition was demurrable for other reasons, the objection as to failure to pay the costs or file a proper affidavit in forma pauperis could not be raised by a demurrer. This point must be presented by a plea in abatement, and was waived. This disposes of two of the special demurrers.

2. The third ground of demurrer was met by the amendment disallowed by the court, if the demurrer be considered, as it properly should be, as a special demurrer. In the proposed amendment the petitioner alleged that her services were worth $500 a year. In our view of the case this did not set up a new cause of action; because the plaintiff had already pleaded an express contract and had shown what was the value contemplated and agreed upon for those services, and she was entitled to recover whatever might be the value of the property promised her. This, as was remarked by Judge Cobb in *Moore* v. *Smith,* 121 *Ga.* 479, is equivalent to a quantum meruit by way of inducement. The value of her services was the consideration for the property the deceased promised to pay the plaintiff. An examination of the original record in the *Moore* case, supra, discloses that the facts as alleged in that case are practically identical with those set forth in the case at bar. In the *Moore* case, as in the present case, the suit can not be treated as one for damages arising upon the breach of a contract. It is for the value or equivalent of services performed under a contract which has matured, and which was to mature only at the death of the opposite party, and which fixed its own measure. No breach of the contract by the decedent is alleged in the present case any more than in the *Moore* case. The breach

alleged is by the administratrix. It is true that in the 15th paragraph of the petition it is said that "J. T. Dobson, in failing and neglecting to provide by will or deed for the distribution of one third of his estate to your petitioner *caused* a breach of said contract;" but this statement is to be construed (even when construed most unfavorably to the pleader) in connection with the fact that it is followed immediately by the words, "which ripened and matured upon his death," and that this paragraph of the petition is immediately preceded by a paragraph in which it is stated distinctly that the contract has been breached by the administratrix. Dobson might by will have directed his executor to pay the plaintiff the one third of his estate promised her. This, however, would have been a mere direction to pay a debt, a matter as to which the law will make direction if the debt be due, even if no such instruction be given. The statement, therefore, that Dobson caused the breach of the contract, by neglecting to provide by will or deed for the petitioner, can very rationally be considered as argumentative history of the case, and as supplying a reason why the petitioner sues for the value of her services as measured by the terms of the contract, rather than for the specified property.

3. The second ground of the demurrer itself complains that no breach of the contract is laid, "but on the contrary, in paragraph 14 of the petition, allegation is made that he desired the contract as alleged enforced." We do not think the petition could properly have been dismissed upon this ground of the demurrer. As above stated, the plaintiff was suing, not upon a breach of the contract, but for the value of her services in accordance with the contract; and, under the rule laid down in *Hudson* v. *Hudson*, 87 *Ga.* 678, which seems to us to be a very similar case, the plaintiff could very properly show the performance of her services, as consideration, and recover the one third of the estate if she could prove it had been promised her.

4. We have treated of each of the special demurrers; and, of course, such defects as go only to the form must be raised by special demurrer. General demurrer goes to the root of the matter, but all defects which go not to the root of the action may be objected to by special demurrer. While there are many matters in the present petition which might have been reached by special

demurrer, still, rejecting such matters as are immaterial and irrelevant to the cause of action, but which were not pointed out by special demurrer, we think the petition, as a whole, sets forth such a cause of action as will resist a general demurrer. An express contract is alleged with such clearness and definiteness as would entitle the plaintiff, if it be proved as laid, to recover the worth of her services as fixed by that contract,—that is, whatever may be the worth of one third of the estate of J. T. Dobson, deceased. In *Banks* v. *Howard,* 117 *Ga.* 94, Elliott made a contract to provide for Howard by will and to leave him a sum of money equal in value to the services performed and to be performed by the petitioner. Howard brought suit upon this contract, and it was construed to be a cause of action based upon a breach of the contract, and not merely a cause of action based upon a quantum meruit for the value of Howard's services; because the contract was fully set forth, and its only stipulation was that Elliott would make a will providing for Howard, who alleged that he "relied expressly and implicitly upon the promise of the said Elliott that he should be remembered in his will;" and a recovery was asked "in view of the fact that he was not left a legacy to reward him for his labor." Clearly, then, the decision in *Banks* v. *Howard* is not in point in the present case, because the plaintiff does not allege that Dobson promised either to make a will or a deed conveying property to her, but alleges that she was to receive a specified portion of his estate at his death; in other words, it was the creation of a debt, which matured only at the death of the maker. And in that case it was alleged that Elliott broke the contract, whereas, in the present case, Dobson did not break his, but, even on his death-bed, desired the contract, when matured, to be complied with. We are aware that in cases where one party promises to make a will in behalf of another in consideration of services rendered, the promisee surviving may waive his rights under the contract and bring an action at law upon a quantum meruit for the value of the services, relying upon the implied promise, but we do not see how this principle has any application in a case like the present, where the contract itself does not provide that any will shall be made or any conveyance be executed, but provides merely that payments shall be made after the death of the promisor, and, naturally, by his executor or other legal representative answerable for his debts.

5.   It is insisted that the court properly sustained the general demurrer, because the petition fails to set forth the residence of the defendant, so as to confer jurisdiction upon the city court of Valdosta.   The petition states unequivocally that the defendant "is a citizen and resident of the county and State aforesaid;" so there is no merit in this suggestion.   If this statement, however, had been omitted, the defendant waived the omission, the point not being raised either by plea to the jurisdiction or by special demurrer, and the general demurrer, without protestation, being equivalent to pleading to the merits.   *Myers* v. *Griner,* 120 *Ga.* 724, and citations.

6.   Some point is made on the fact that the judgment sustaining the demurrer states that the petitioner's attorney elected to treat the suit as one for breach of contract; and it is contended that, this action not being amendable, the demurrer was properly sustained.   Regardless of what the plaintiff's counsel may have said, the nature of the action in every case is to be determined from the written petition.   The judge is to base his judgment upon his opinion of the true meaning of the language employed in the pleadings, and not upon the mistaken opinion, in some cases, of counsel, hastily expressed.   In the present instance (while, as we have said above, the petition might have been subject in several points to special demurrer) there was no occasion for requiring the plaintiff's counsel to elect whether he would proceed upon breach of the contract or upon quantum meruit, because the suit, as we have said before, was essentially based upon a quantum meruit, or rather a quantum valebat.   As we hitherto remarked, there was no breach by the decedent.   The contract did not mature until his death, but the suit had to be brought against the representative of the deceased, and the refusal of the administratrix to pay is, in a sense, a breach of the contract, and is stated as a matter of inducement, as giving a reason why the suit is brought.   If the petitioner, as she alleges, made a contract with Dobson, under which she devoted twenty years of her life to his service, in caring for his helpless mother, induced thereto by his promise that at his death she was to be paid in one third of whatever his estate amounted to, the suit could not be brought until he died, nor for twelve months after the qualification of his representative.   But if, at the end of that time, Dobson's representative refuses to carry

out the contract, and if the facts as stated above can be established, we see no reason why the plaintiff should not recover the value of one third of the estate, which the parties agreed should be the value of her services.                    *Judgment reversed.*