1352, 1353, 1354, 1355. ATLANTA & WEST POINT RAIL-ROAD COMPANY *et al.* *v.* FARMERS' EXCHANGE.

1. A garnishee can not complain that judgment is entered against him in accordance with his own answer. The case is not altered even though it appear that the liability of the garnishee to the defendant in garnishment arose upon a tort, if the damages have been liquidated by judgment.
2. Where a judgment affords ground for the issuance of a summons of garnishment (Civil Code, § 4705), it is not necessary that the fi. fa. issuing upon it shall be backed, in order that summons of garnishment may issue thereon in another county. The judgment, and not the execution, must be the basis of the proceedings in garnishment.
3. The purpose of the certified copy of the affidavit and bond required by section 4716 of the Civil Code is to show a connection between the garnishment and the proceedings in the main case; and a judgment against the garnishee in the county of his residence, otherwise perfect, is not affected if, at any time prior to its rendition, the certified bond and affidavit be transmitted to the court in which the original judgment was obtained.

Certiorari, from Fulton superior court—Judge Pendleton. July 8, 1908.

Argued November 12, 1908.—Decided July 6, 1909.

The Farmers' Exchange obtained four judgments against W. B. Short in the justice's court of the 1379th district, G. M., of DeKalb county. Thereafter, on September 17, 1907, the Farmers' Exchange, as plaintiffs in fi. fa., procured the issuance of summons of garnishment by the justice of the peace of the 1234th district, G. M., of Fulton county, which on that day were served upon the garnishees, the Atlanta & West Point Railroad Company and the Central of Georgia Railway Company. To the summons of garnishment answers were filed by the garnishees on October 15, 1907, and additional or amended answers on November 6, 1907. When the cases came on to be tried the garnishees admitted that the

judgments rendered in DeKalb county against Short were valid and regular, and that the docket of the proper justice of the 1379th district, G. M., of that county, had upon it a regular, legal, and correct record of the original cases and the judgments rendered in favor of the Farmers' Exchange against Short, and that the judgments were regularly signed by the justice, and fi. fas. regularly issued and entered on the general execution docket. Counsel for the Farmers' Exchange thereupon offered in evidence the fi. fas. issued upon the judgments in DeKalb county; and the garnishees objected upon the ground that they were not backed, and (the justice reserving his decision upon admissibility of the fi. fas.) the garnishees moved to dismiss the entire garnishment proceedings. The motion to dismiss was based upon two grounds: (1) Because the fi. fa. would have to be backed by a magistrate of Fulton county (that being a county other than that in which the judgment was rendered, and the defendant also being a resident of DeKalb county) before the summons of garnishment could be issued or served by a constable of Fulton county. (2) That it was obligatory upon the plaintiff to have certified transcripts of the affidavit and bond in the garnishment proceedings made out by the magistrate to whom he applied for the issuance of the summons of garnishment, and to have the constable making the service of the summons of garnishment transmit the certified transcripts to the court in which the original judgments were obtained. In support of this motion the garnishees submitted evidence showing that the fi. fas. had never been backed in Fulton county, and that no copy of the original affidavits and bonds executed to obtain summons of garnishment had ever been issued or returned by the constable of Fulton county to the justice's court in DeKalb county. The court did not at that time pass upon the motion to dismiss, but the justice said he would reserve his judgment until November 9, which was two days later. On November 9 the plaintiff in garnishment, having in the mean time caused certified copies of the original affidavits and bonds for the garnishment to be issued by the magistrate, and the constable of the 1234th district, G. M., of Fulton county, having transmitted these copies to the justice in whose court the judgments were rendered, and having received from the latter justice a receipt therefor, the Fulton justice resumed the consideration of the cases, with

the motion to dismiss pending. The receipts of the DeKalb county justice were put in evidence. The counsel further argued the motion to dismiss, and thereafter in each of the cases judgment was entered against the garnishee for the amount of the original judgment, with interest and costs. The answers of the garnishees admitted that at the time of the service of the summons of garnishment they were jointly indebted to Short on judgment against them, in an amount larger than the aggregate amount of the judgments against him, but stated that subsequently the attorneys of the garnishees, not having received information that summons of garnishment had been served, paid the amount of that judgment. In the answers the garnishees pleaded, as reason why judgment should not be entered against them, that the agents had exercised due care and diligence, by notifying their superior officers by mail of the summons of garnishment, and that it was not their duty to notify the attorneys who paid the judgment. On certiorari the judge of the superior court affirmed the judgment of the justice's court; and exception is taken to this judgment.

*Dorsey, Brewster, Howell & Heyman, W. P. Bloodworth,* for plaintiff in error. *W. O. Mitchell,* contra.

RUSSELL, J. (After stating the foregoing facts.) In the petition for certiorari there are several assignments of error which are not insisted upon here, no reference being made to them in the brief. The fact that the justice of the peace entered judgment against the garnishees without the introduction of any evidence, either in support of the answer or the traverse thereto, would be of no moment in this case, even if the assignment of error upon that ground had been insisted upon before us. The garnishees could not complain of the fact that judgment was entered upon the statements contained in their own answers. In these answers they admitted that they were indebted to the defendant in fi. fa. upon a judgment. It is true that according to their answers the judgment was based upon a tort, but the damages had been liquidated and the amount of their indebtedness was fixed by the judgment. The amount of the judgment was subject to garnishment. *Lee* v. *Louisville & Nashville R. Co.,* 2 *Ga. App.* 337 (58 S. E. 520). Whether the judge of the superior court erred in overruling the certiorari depends, therefore, wholly upon whether the trial justice

erred in refusing to dismiss the proceedings in garnishment upon the grounds stated in the motion to dismiss.

2. It was not necessary that the fi. fa. should be backed. Section 4160 of the Civil Code, which requires the backing of fi. fas. where the defendant shall remove out of the district after he is summoned or after judgment is rendered against him, has no application in this case. The backing of the fi. fa. is required in order to effect a levy on either personal or real property, or to prevent dormancy of the execution, by enabling the constable, upon failure to find property upon which to levy, to make an entry of nulla bona. We do not really see that the fi. fa. was pertinent in the case, and it certainly cut no figure injurious to the garnishees, after their admission that the plaintiff in garnishment was the plaintiff in a valid subsisting judgment properly appearing upon the docket of the court, as alleged in the garnishment affidavit.

3. Sections 4715 and 4716 of the Civil Code each prescribe methods by which assets in the hands of a prospective garnishee who resides in a different county from the debtor may be reached. One of the purposes of the provisions of each section, as pointed out by Chief Justice Bleckley in *West* v. *Harvey,* 81 *Ga.* 712 (8 S. E. 450), is "to show a connection between the garnishment and the proceedings elsewhere in the main case." See Civil Code, §§4549, 4550, 4715, 4716, 4717. The plaintiff in the present case proceeded under the provisions of §4716. The garnishing judgment creditor did all that it was required by law to do. It made the required affidavit and bond. It then became the duty of the magistrate to make out the certified copy and deliver it to the constable, and the duty of the constable to transmit it to the justice's court of DeKalb county, where the judgment was originally rendered. If the garnishing creditor should be held responsible in any case for the dereliction of officers charged with the performance of a duty, we do not think such a rule should be applied under the facts of this case; for the reason that before judgment was entered against the garnishees the certified copy was filed in the court which rendered the main judgment, and thus the connection between the proceedings in garnishment and "the main case" was evidenced. The law does not fix a time within which the certified affidavit and bond shall be transmitted; and so far as

the rights of any parties at interest are concerned, it would seem that none of them would be prejudiced if, before the rendition of the judgment against the garnishee, the certified bond and affidavit were in the court in which the judgment was obtained.

*Judgment affirmed.*