## 6146. CITIZENS NATIONAL BANK *v.* SWIFT FERTILIZER WORKS.

BROYLES, J. 1. In cases where the court has no jurisdiction, territorial or otherwise, of the subject-matter, or where there is no legal subject-matter, jurisdiction can not be waived, but in all other instances appearance and pleading, without a reservation by the pleader of his right to·object later, are a waiver of all irregularities in the process, or of the absence of process, or of void process, and of the service thereof. See Civil Code, § 5559; *Pool* v. *Perdue*, 44 *Ga.* 454; *Carter* v. *Smith*, 5 *Ga. App.* 804 (63 S. E. 932); *Connor* v. *Hodges*, 7 *Ga. App.* 153 (2) (66 S. E. 546); *Saffold* v. *Foster*, 74 *Ga.* 751 (2); *Flournoy* v. *Rutledge*, 73 *Ga.* 735 (2); *Moulton* v. *Baer*, 78 *Ga.* 215 (2 S. E. 471); *Savannah &c. Ry. Co.* v. *Atkinson*, 94 *Ga.* 780 (21 S. E. 1010); *Johnson* v. *Shurley*, 58 *Ga.* 417; *Mitchell* v. *Long*, 74 *Ga.* 94, 98; *Neal-Millard Co.* v. *Owens*, 115 *Ga.* 959, 961 (42 S. E. 266); *John Holland Co.* v. *Williams*, 7 *Ga. App.* 173, 175 (66 S. E. 540); *Gay* v. *Cheney*, 58 *Ga.* 304, 305; *Brooke* v. *Augusta Warehouse &c. Co.*, 119 *Ga.* 946 (47 S. E. 341); *Cincinnati R. Co.* v. *Pless*, 3 *Ga. App.* 400, 403 (60 S. E. 8); *Carr* v. *Roney*, 118 *Ga.* 634 (45 S. E. 464).

2. It being clearly apparent that the city court of Atlanta had jurisdiction of the subject-matter of this case, and also of the garnishee, and that the garnishee, by its appearance in court and its pleading to the merits, waived all anterior defects and irregularities in .the case, including any irregularity or invalidity in the summons of garnishment served upon it, the court erred in sustaining the motion of the garnishee and striking the garnishment case from the docket. 　　. 　*Judgment reversed.*

　　　　DECIDED JULY 29, 1915. REHEARING DENIED OCTOBER 2, 1915.

Garnishment; from city court of Atlanta—Judge Reid. October 14, 1914.

*Mundy & Mundy, Hewlett, Dennis & Whitman,* for plaintiff.
*Tye, Peeples & Jordan,* contra.

　　　　　　　　ON MOTION FOR REHEARING.

BROYLES, J. In our opinion, this case is controlled by the ruling in *Flournoy & Epping* v. *Rutledge,* 73 *Ga.* 735 . (2), where it was held : · "After summons of garnishment has been issued and served,. and the garnishee has appeared and filed an answer, admitting indebtedness to the defendant, and tendered the money in court in discharge of its liability under the garnishment, it is too late to tender an issue and traverse as to the legality of the summons of garnishment or return of the sheriff. Appearance and pleading waives all objection to the process and return of the officer." That decision has never been overruled, and being an older adjudication than the decision in *Ahrens & Ott Manufacturing Co.* v. *Patton Co.,* 94 *Ga.* 247 (21 S. E. 523), cited by counsel for the defendant in error in its motion for rehearing, if there is any conflict between the two decisions, we are of course bound by the older. 　　　　　　　　　　　　　　　*Rehearing denied.*