8283.    HARRIS *v.* LONGINO, administrator.

WADE, C. J.    1.    The sole question properly before this court for review is whether the court erred in striking the caveat interposed by the plaintiff in error to the application for letters of administration cum testamento annexo and in dismissing her appeal from the court of ordinary.

(*a*) As the case is presented in the bill of exceptions, it is unnecessary to consider or pass upon the validity of the claim against the estate of the deceased by virtue of which the defendant in error was appointed administrator.

2. If the caveator had in fact any enforceable demand against the estate of the decedent, under an alleged contract to bequeath at her death a child's part of her estate to the caveator, the caveator could only recover upon a quantum meruit; and no basis for the interposition of the caveat by the plaintiff in error, as a creditor, on the ground of services rendered or other consideration supplied to the decedent, is furnished by any definite allegation in the caveat as to the existence of a claim for money, or for any precise or fixed demand against the estate of the decedent. See *Hudson* v. *Hudson*, 87 *Ga.* 678; *Hudson* v. *Hudson*, 90 *Ga.* 581 (1); *Weaver* v. *Cosby*, 109 *Ga.* 310, 316; *Banks* v. *Howard*, 117 *Ga.* 94; *Moore* v. *Smith*, 121 *Ga.* 479, 481.

(*a*) In the caveat the caveator's alleged interest in the decedent's estate is not based upon any implied promise to pay for services rendered, but is based upon an alleged express agreement on the part of the decedent, which is stated as follows: "To treat her [caveator] as a child, and at the death of the said Sallie Howard, she [decedent] would give her a child's part of her estate, if she, the said Frances Harris, would remain with her, the said Sallie Howard, until she, Frances Harris, became of age. She shows to the court that she remained with her said aunt, Sallie Howard, until she was 21 years of age and more. She shows to the court that her said aunt, Sallie Howard, repeatedly promised, from the time her said aunt took her from the home of her grandparents to the time of her marriage, that she was going to treat her as a child and give her a child's part of her estate at the death of her said aunt." It is not alleged that the caveator rendered any services whatever to the decedent, or that there was any other consideration to support the mere naked promise to give her a child's part of her estate. There was no attempt even to set forth any definite amount due to the caveator, as a charge against the estate of the deceased.

(*b*) The trial judge correctly held that under the allegations of the caveat the caveator did not appear to have any standing in court, or, in other words, any right to interpose an objection to the appointment of an administrator, and therefore properly dismissed her appeal from the judgment of the court of ordinary.

                    *Judgment affirmed. George and Luke, JJ., concur.*
                    DECIDED JUNE 18, 1917.

Petition for administration—appeal; from Campbell superior court—Judge Smith. March 4, 1916.

*J. J. Barge, Oscar Parker,* for plaintiff in error.

*J. H. Longino,* contra.