16026.   LUKE *et al. v.* LUKE.

STEPHENS, J.   1. The return to and filing in the court in which the main suit was instituted of the certified affidavit and bond for garnishment by the officer serving it, together with his return of service upon the garnishee thereon, as required under section 5278 of the Civil Code (1910), is sufficient to show the pendency of the garnishment proceedings in the county of the garnishee's residence. See, in this connection, *Atlanta & West Point R. Co.* v. *Farmers' Exchange,* 6 *Ga. App.* 405 (65 S. E. 165); *Carr & Co.* v. *Roney,* 118 *Ga.* 634 (45 S. E. 464).

2. An entry upon a bond given in a judicial proceeding, that it is "attested and approved" by the officer whose duty it is to approve the bond, is sufficient evidence of the bond's approval by such officer.

3. A deputy sheriff of the municipal court of Macon has power to serve a summons of garnishment. Ga. L. 1913, p. 252.

4. This being a suit against the principal and surety upon a bond to dissolve a garnishment which had been served upon a garnishee in another county, as provided in section 5278 of the Civil Code (1910), and it appearing without contradiction from the evidence that the certified copy of the affidavit and bond for garnishment had been returned to the trial court and that judgment in the garnishment proceedings had been rendered against the garnishee, a verdict for the plaintiff in the amount of the judgment was properly directed.

5. The bond to dissolve the garnishment, being conditioned upon the payment of the judgment that shall be rendered upon the garnishment, the principal and the surety thereon are obligated to pay only the amount of the judgment against the garnishee, and are not obligated to pay any sum awarded the garnishee as expense incurred in answering the garnishment. The judgment, in so far as it finds for the plaintiff against the principal and the surety upon the dissolution bond in the sum of ten dollars as costs incurred by the garnishee in answering

the summons of garnishment, is excessive. The judgment is therefore affirmed with direction that this amount be written off.

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 1, 1925.

Garnishment; from Berrien superior court—Judge Highsmith presiding. September 16, 1924.

*J. D. Lovett, Hendricks & Hendricks,* for plaintiffs in error.

*J. A. Alexander, Franklin & Langdale,* contra.