### 41209. BUSH et al. v. JOHNSON.

Argued April 6, 1965—Decided April 23, 1965—
Rehearing denied May 18, 1965.

*Frank C. Vann,* for plaintiffs in error.

*Twitty & Twitty, Frank S. Twitty,* contra.

EBERHARDT, Judge. Upon careful consideration of the motion to dismiss the bill of exceptions we find it to be without merit and it is denied.

We think the court erroneously sustained the demurrers. The charges of illegal voting were of such gravity as to cast doubt upon the result of the election. Charges that more ballots were found in the box at precincts than the number of persons listed by the holders of the election as having voted, or the converse that less ballots were found in one box than the number of people who had voted in that precinct, amount to serious charges of fraud in the holding of the election. It is this sort of thing, inter alia, that the Election Code of 1964 seeks to prevent. The charges are as definite and full as can be expected in this situation and are sufficent to raise the question as to whether the election has been conducted in a manner so illegally, fraudulently and unfairly as to fall under condemnation of the law. The petition was good against demurrer, and the court should

have proceeded to hear evidence to determine whether the charges could be sustained.

The fact that the contestant asked for a recount of the ballots and that a recount was held, still indicating that his opponent had received a greater number of the votes, does not waive or foreclose his contest of the election on the grounds of fraud, illegality and unfairness. Nor does the recital in the court's order declaring the result of the recount to the effect that the ballots had been "carefully checked and examined by the parties, their counsel and the court," alter the situation. That is exactly what should take place in the course of a recount. But a recount is no more than a physical examining of the ballot to see whether it was properly marked, eliminating any that may not have been, and making a count of them. It makes no determination as to whether any of the ballots may have been illegally cast by persons who were not entitled to vote, or for other reasons. It makes no determination of whether there may have been ballots in the boxes that were not in fact cast by those who voted in the election, or whether ballots which were cast may have been removed from boxes.

An election should not be permitted to stand, the results of which were obtained by illegal or fraudulent voting, or by adding to or subtracting from the ballots cast by the voters. Whether the contestant can sustain his charges of this nature remains to be seen, but since the charges were made in a manner contemplated by law the court should have ascertained the facts by hearing evidence.

Honest and fair elections must be held in the selection of the officers for the government of this republic, at all levels, or it will surely fall. If we place our stamp of approval upon an election held in the manner this one is alleged to have been held, it is only a matter of a short time until unscrupulous men, taking advantage of the situation, will steal the offices from the people and set up an intolerable, vicious, corrupt dictatorship. The Election Code and the remedies provided under it may be the most effective if not the only barrier to that sort of thing. Certainly it is a remedy, and the benefit of it ought not to have been denied.

The special demurrers, 6, 6(A)(1), 6(B), 6(C), 6(D)(1),

(A-P), (2) (3), (4), (5), (6), (7), 6(E), were improperly sustained. These demurrers were addressed to allegations of the petition concerning serious and gross irregularities in the conduct of the election. Some of them, standing alone, would not affect the outcome of the election and would not, of themselves, constitute enough to justify a voiding of it. But the cumulative effect of these and of other charges in the petition, if sustained by the evidence, is certainly enough to cast the election in doubt and the consequent voiding of it.

The allegations to which the demurrers were directed are sufficient to put the defendant on notice of what is claimed to have occurred during the election. *Code Ann.* § 34-1705(d). It is unnecessary for a contestant to plead the details of his evidence. "Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which [he] depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings." *Lefkoff v. Sicro,* 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738).

The recent case of *Broome v. Martin,* 111 Ga. App. 51 (140 SE2d 500) does not require a different result. No fraud of any kind was charged in that election. It was one in which more than 55,000 votes were cast with an apparent difference of only five votes between the two candidates when the results were announced. The contest was based upon some small irregularities which, involving no fraud of any kind, did not and could not change the result. The judge hearing the contest found that they neither affected the result nor cast it in doubt. We agreed. But in that case the court did not dismiss the charges on demurrer, as here; it heard evidence to determine whether anything may have happened in the holding of the election that would cast doubt upon the result, or upon the fairness of it. That is what should have happened here.

If the contestant can sustain his charges, or sufficient of them to cast doubt upon whether the election was fairly and lawfully conducted, it should be voided and another held. If he cannot, the election should stand.

*Judgment reversed. Nichols, P. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur in the judgment of reversal but cannot concur in all the reasons given therefor in the opinion. The petition alleges irregularities which, if supported by evidence, are of sufficient magnitude to authorize a finding that they placed in doubt the results of the election. For this reason, it is my opinion that the general demurrer to the petition was erroneously sustained. I cannot concur in the holding that fraud is alleged in the petition. Section 34-1705, subparagraph (d) of the Georgia Election Code (Ga. L. 1964, Ex. Sess., pp. 26, 179) provides that, "A statement of the grounds of contest shall not be rejected, nor the proceedings dismissed by any court, for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which the primary or election is contested." In view of this Code section, it is my opinion that the special demurrers were erroneously sustained, although this ruling might have been otherwise in the absence of this Code provision.