41260.   NICHOLS et al. v. ACREE et al.

DECIDED SEPTEMBER 7, 1965—REHEARING DENIED
SEPTEMBER 20, 1965.

288

*James V. Pleasants, John G. Davis,* for plaintiffs in error.
*Herman J. Spence, Frank Adamson,* contra.

BELL, Presiding Judge. ■ The bill of exceptions assigns as error the judgment of the trial court in sustaining general demurrers of the defendants based on irregularities apparent in the process attached to the petition.

"The failure to attach process, or an irregularity in a process, is not such a defect as can be taken advantage of by demurrer." *Myers v. Griner,* 120 Ga. 723, 724 (48 SE 113). "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." *Code* § 81-209. The filing of a general demurrer is equivalent to a plea to the merits. *Bunting v. Hutchinson,* 5 Ga. App. 194, 201 (5) (63 SE 49); *Herring v. Herring,* 208 Ga. 146 (3) (65 SE2d 584). "Appearance and pleading, without a reservation by the pleader of his right to object later, are a waiver of all irregularities in the process, or of the absence of process, or of void process, and of the service thereof." *Citizens Nat. Bank v. Swift Fertilizer Works,* 16 Ga. App. 533 (1) (86 SE 403).

Here the only document objecting to the process was labeled "General and special demurrers of . . . defendants . . . to the petition of the plaintiffs and motion to strike said petition and to strike and dismiss the above stated action of the plaintiffs." The initial paragraph was indeed a general demurrer based on the ground that the petition stated "no cause of action" against the defendants. Numerous succeeding paragraphs demurred in varying phraseology to defects in the process. The trial court overruled the demurrer attacking the petition on the ground that it stated no cause of action but

sustained others including those attacking the validity of the process. The petition was dismissed for the latter reason.

Obviously, the document initially and in all its facets was precisely what the defendants called it. It was nothing more than a presentation of demurrers. The document was totally silent regarding any special appearance for the purpose of resisting jurisdiction of the persons of the defendants and no reservation of rights to specially appear and resist jurisdiction of the person was otherwise made. The testimony of the clerk of the superior court could not change these facts as they exist in the record. Under circumstances similar to these the Supreme Court has said that "The defendant waived process by his general demurrer, the second paragraph of the demurrer being 'that no cause of action is set out in said petition.' Under § 5559 of the Code of 1910 [now Code § 81-209], the defendant was pleading to the merits in the same breath that he was asserting that there was no process; but this court has uniformly held that the filing of a general demurrer is a waiver of process." *Wilson v. City Council of Augusta*, 165 Ga. 520, 522 (141 SE 412); *Chance v. Planters Rural Telephone Cooperative, Inc.*, 219 Ga. 1 (131 SE2d 541).

By pleading to the merits through the means of a general demurrer, the defendants waived all irregularities in the process. Whether the process was amendable or not "it had the effect of all process, for the defendant appeared and defended." *Irwin v. McKee*, 25 Ga. 646, 647.

The trial judge erred in dismissing the petition.

■ Renewed demurrer No. 2 was improperly sustained as plaintiffs by amendment to their petition had fully met the objections raised. The trial court erred in sustaining renewed special demurrers numbered 7, 11, 12, 17 and 19, for as said in *Bush v. Johnson*, 111 Ga. App. 702, 706 (143 SE2d 21): "These demurrers were addressed to allegations of the petition concerning serious and gross irregularities in the conduct of the election. Some of them, standing alone, would not affect the outcome of the election and would not, of themselves, constitute enough to justify a voiding of it. But the cumulative effect of these and of other charges in the petition, if sustained by the

evidence, is certainly enough to cast the election in doubt. . . The allegations to which the demurrers were directed are sufficient to put the defendant on notice of what is claimed to have occurred during the election. *Code Ann.* § 34-1705 (d). It is unnecessary for a contestant to plead the details of his evidence."

Judge Eberhardt in *Bush* cogently set forth the policy of this court in reviewing rulings entered upon cases arising out of charges of election irregularities prohibited by the *Georgia Election Code,* Ga. L. 1964, Ex. Sess., pp. 26, 220, *where the irregularities charged are sufficient to change or place in doubt the result,* when he wrote "If the contestant can sustain his charges, or sufficient of them to cast doubt upon whether the election was fairly and lawfully conducted, it should be voided and another held. If he cannot, the election should stand." *Bush,* p. 706.

■ No supersedeas was sought in this court as authorized by *Code Ann.* § 34-1709 nor was a cross bill of exceptions filed objecting to the overruling of the defendants' other general and special demurrers.

*Judgment reversed. Frankum and Hall, JJ., concur.*