MOULTON vs. BAER.

1. The verdict was supported by the evidence.
2. Appearance and pleading to the merits waives all irregularities in the process, or the absence of process and service thereon.
3. Where suit was brought for goods furnished, and the defendant pleaded that they were not such as he had purchased, but were of less value than those contracted for, it was incumbent on him to sustain his pleas by proof; and if he failed to show by evidence how much less the goods sued for were worth than the price charged, and was unable to prove what damage was sustained by him, the jury were not at liberty to indulge in conjecture as to his loss.

February 1, 1887.

Waiver. Process. Service. Damages. Vendor and Purchaser. Before Judge WILLIS. Taylor Superior Court. February Term, 1886.

Reported in the decision.

W. S. WALLACE & SON, for plaintiff in error.

A. A. CARSON, by C. J. THORNTON, for defendant.

HALL, Justice.

Baer sued Moulton on account for goods sold and delivered. To this suit the defendant pleaded, denying his indebtedness, and alleging further that the goods charged

to him by the plaintiff and those shipped were not such goods as defendant bought of the plaintiff; that after the goods were received, defendant notified plaintiff that he did not want them, as they were not such as he had purchased; that the plaintiff thereupon urged him to keep them and do the best that could be done to dispose of them, and he would be satisfied; and that he was not able to sell them at anything like the amount plaintiff charged for them, they not being worth, at the outside, more than $100.

On the trial, the plaintiff proved that his account was correct and still due; that he sold the bill of goods himself at lowest wholesale price, and saw all of them packed, and knew they were shipped to the defendant; that he sent the bill of the goods in the box in which the goods were packed, as defendant directed; that he did not remember to have heard any complaint from the defendant about the goods; that the defendant frequently promised to pay for them; that the goods sold, packed and shipped were the same bought by the defendant, and were all new; that the defendant acknowledged the receipt of them more than once, and agreed to give his note and pay interest if the plaintiff would give him more time, which he refused unless security was given; that the defendant never told him that these were not the goods he bought, or made any complaint, but only asked for time; and that he never told the defendant he could pay for them what he thought they were worth.

The defendant testified that the plaintiff called him into his store in Macon and insisted on selling him, and was told that the defendant was afraid of him; he insisted, and the defendant went into his store and priced a suit of clothes for his son at a low price, examined the suit there and found it a good one, and agreed to take it. When he got home and examined it, he found it was not the suit he selected, and was not as good as the one he thought he bought. Some days after getting back from Macon, a box

of goods was sent to him; there was no bill sent in it, or mailed to him. He opened the box and found it contained a parcel of old goods, many of them damaged and worth but little; they were not the goods he selected; he put them all back in the box and did not place them on sale, and he kept them there for a month or more, when he again went to Macon and asked plaintiff if he shipped the box of goods; he said that he had. The defendant told him they were not the goods he had selected; that he did not want them, and they were subject to his order. He then told the defendant to keep the goods, and sell them for the best price he could get, and settle with him for them as he thought right, and he would be satisfied. Under this agreement, he went home and put the goods on sale, but found it difficult to sell them at any price at all, as they were damaged and of inferior quality; he has a good many of them still on hand; could not say what they were worth; did not think they were worth more than $50, and fifty cents on the dollar would be a good price for them; he had a talk with the plaintiff's bookkeeper, and agreed to give his note and interest on the same, but did not think anything was said about the amount of the note.

In rebuttal of this evidence, the plaintiff introduced the following letter:

"Butler, Ga., 7-27, '85.

"Dear Sir,—Col. A. A. Carson, of this place, informs me he has my account for collection. I am surprised. I thought it was settled. I told you I would give you my note due this fall. You can either take my note, or can sue it. You won't get your money near as soon as if you was to wait on me until fall. Hope you will wait on me until fall. I am very respectfully, etc.,

F. M. Moulton.

"I am of course willing to pay a reasonable per cent."

The jury returned a verdict in favor of the plaintiff for the full amount of his account, with interest; and thereupon the defendant made a motion for new trial on various grounds, which was denied, and to the judgment re-

fusing it he excepted.   Besides the usual grounds of the motion, that the verdict is contrary to law and evidence and the weight of evidence, it was insisted, secondly, that there was error in not sustaining a demurrer to the suit on the ground that there was no process attached to the plaintiff's declaration, it appearing that the process was fatally defective, inasmuch as it was not directed to the sheriff of any named county of the State, nor made returnable to the superior court of any named county, and in allowing the sheriff to change the date of service of the writ, so as to make it conform to the truth of the case.   Thirdly, because the court erred in charging the jury that, if the defendant claimed that the goods were damaged and worth less than the price charged for them, it was incumbent on him to show how much less they were worth than the price charged; if he could not tell what his damages were, it was not left for the jury to guess at them ; he must show this by the evidence.

1.  If the jury believed the evidence of the plaintiff, as they had the right to do, instead of that of the defendant, then their finding is sustained by the evidence, if, indeed, it was not in accordance with its decided weight; and the judge, in his discretion, having refused a new trial on this ground, we cannot interpose.

2.  There was no error in overruling the demurrer to the want of process.   Inasmuch as the defendant appeared and pleaded to the merits, he thereby waived it.   That appearance and pleading shall be a waiver of all irregularities of process, or of the absence of process and the service thereof, is expressly provided by section 3335 of the code.   This section of the code, which dispenses with service by appearance and pleading, renders it unnecessary to consider the propriety of allowing the amendment in question.

3.  We are of opinion that the charge excepted to was abstractly correct.   It is certainly true, as a general proposition, that the defendant must sustain his pleas by proof;

and if he failed to show by evidence how much less the goods sued for were worth than the price charged, and was unable to prove what damage was sustained by him, the jury were not at liberty to indulge in conjecture as to his loss. They could determine this only from the evidence. If there was proof upon the point, the charge did not hurt him. This charge was, therefore, not only abstractly correct, but, as it seems to us, was apposite to the evidence adduced on the trial.

Judgment affirmed.