Thompson v. Martin.

84　11<br>130　214

Though the preponderance of evidence show that a mule did not come
up to the warranty made by the seller as to its age and soundness,
if it fail entirely to show any damage thereby sustained by the
buyer, or any value of the animal at the time he bought it or after-
wards, a verdict for the amount of a note given for part of the pur-
chase price is right.

November 27, 1889.

Sales. Warranty. Contracts. Damages. Evidence.
Verdict. Before Judge Hutchins. Jackson superior
court. February term, 1889.

Reported in the decision.

P. G. Thompson, *pro se.*

J. A. B. Mahaffey and W. I. Pike, *contra.*

Simmons, Justice.

Martin sued Thompson in a justice's court on a prom-
issory note dated April 23d, 1885, and due on 1st Nov.
1885, for $65 and interest from maturity. The case
was appealed by consent to the superior court. Thomp-
son sued Martin in the superior court for damages on a
breach of warranty of a certain mule which Martin had
sold him, Thompson having given for the mule a yoke
of oxen and the note above mentioned. Both cases
arising out of the same transaction, the court, by con-
sent of the parties, ordered them consolidated. On the
trial, the jury found for the plaintiff the amount of the
note and interest. Thompson moved for a new trial on
the ground that the verdict was contrary to law and
the evidence, and contrary to the charge of the court,
and because the court refused to allow him to open and
conclude the argument. The motion was overruled,
and he excepted.

The only ground relied on before us for reversal of
the judgment refusing a new trial was, that the verdict
was contrary to the evidence. There was no error in

the refusal of the court below to grant a new trial on this ground, nor upon the other grounds of the motion. We have read the evidence carefully, and while we think that a preponderance of the evidence shows that the mule did not come up to the warranty made by Martin to Thompson as to its age and soundness, the evidence fails entirely to show any damage sustained by Thompson in consequence thereof. None of the witnesses testify as to the value of the mule when Thompson got it, or its value at the time of its death. Nor is there any evidence in the record showing the difference in the value of the mule at the time of the exchange and afterwards. There being no evidence upon this point, the jury were not authorized to find any damages for Thompson, or to make any reduction in the note. Under the evidence the verdict was right, and the court did not err in not granting a new trial.

*Judgment affirmed.*