## BROOKS *v.* CAMAK, and *vice versa.*

1. In order that a recovery may be had for a breach of warranty, damages and the amount thereof resulting from the breach must be shown; and the burden of proof is upon the purchaser. Implied warranty is a guaranty against loss only from latent defects. Accordingly, where on the trial of an action for breach of an implied warranty it appeared that at the time of the sale the article purchased had two infirmities, one of which was then known to the purchaser, but as to the other he then had no notice, and there was no evidence that the unknown infirmity of itself caused any loss, and, if it contributed to any loss, there was no evidence tending to show any definite amount of damages attributable to it, the purchaser was not entitled to recover.

2. The decision of the court appointing receivers for the company on the ground, among others, that the charter had expired, was relevant and material evidence.

3. That the misconduct of the jury may be cause for a new trial, it must affirmatively appear that neither the complaining party nor his counsel knew of such misconduct before verdict.

Argued July 4, 1907.—Decided February 26, 1908.

Action for breach of contract. Before Judge Cobb. Clarke superior court. February 2, 1907.

*Tye, Peeples, Bryan & Jordan* and *T. S. Mell,* for plaintiff.

*Erwin & Erwin,* for defendant.

FISH, C. J. 1. Counsel for plaintiff in error, .Brooks, say in their brief that he "brought suit against Camak for damages for breach of an implied warranty in the sale by Camak to Brooks of what purported to be shares of stock in the Athens Manufacturing Company;" and "that at the time of such sale the charter of the . . Company had expired, and the alleged shares had no existence as shares of stock in a corporation; that at the time of the sale Brooks knew nothing of the expiration of the charter; [and] that Camak, in making the sale, impliedly warranted to him that the thing sold was shares of stock in an existing corporation, which was not true." The Civil Code, §3555, provides: "If there is no express covenant of warranty, the purchaser must exercise cau-

tion in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants —1. That he has a valid title and right to sell. 2. That the article sold is merchantable, and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." Pretermitting, as unnecessary for determination in the proper disposition of the present case, what may be somewhat doubtful questions, namely, whether under the provisions of that section the seller of corporate stock impliedly warrants that the charter of the corporation has not expired, or that the corporation has a de jure and not merely a de facto existence, we will consider whether the plaintiff, Brooks, was entitled to recover, under the case as made on the trial, granting, for the purpose of the inquiry, that the defendant, Camak, impliedly warranted that the charter of the Athens Manufacturing Company had not expired at the time he sold Brooks stock therein. In order that a recovery may be had for a breach of warranty, damages and the amount thereof resulting from the breach must be shown, and the burden of proof is upon the purchaser. *Toole* v. *Davenport,* 63 *Ga.* 160; *Moulton* v. *Baer,* 78 *Ga.* 215 (2 S. E. 471); *Thompson* v. *Marlin,* 84 *Ga.* 11 (10 S. E. 369). As he must exercise caution in detecting defects when relying on implied warranty (Civil Code, § 3555; *Cook* v. *Finch,* 117 *Ga.* 541, 44 S. E. 95), defects discoverable by ordinary care are not covered by such warranty. In other words, implied warranty is a guaranty against loss from latent defects only. It follows from the foregoing that if an article purchased has both a patent and a latent defect when delivered and subsequently becomes worthless, before the buyer can recover damages for breach of an implied warranty, it must be shown that his loss was caused by the latent defect, or, if practicable, he might show how much the latent defect contributed to the loss, and recover proportionately. Applying these legal principles to the relevant facts as they appeared on the trial, and about which there was no controversy, we are confident that the plaintiff was not entitled to recover.

About a week prior to the sale of the stock by Camak to Brooks, a bill was filed, in the United States circuit court for the northern district of Georgia, by Mrs. Herring against the Athens Manufacturing Company, as an insolvent corporation, praying for the winding up of its affairs through a receivership. On the same day an

order was granted by the judge, requiring cause to be shown why a receiver should not be appointed. There was no reference in this bill to the expiration of the company's charter. Something over two months after Brooks purchased the stock, the bill was amended by an allegation that the charter of the company had expired more than four years previously. Receivers were appointed under both the allegations of the original bill and the amendment thereto, and sales made of all the assets of the company. Neither Brooks nor any of the stockholders received anything on their stock from the receivers. At the time of the sale of the stock by Camak to Brooks neither of them knew that the charter had expired, but both of them had notice of the pendency of the bill for a receivership, etc. "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge in fixing the rights of parties." Civil Code, § 3933. The bill alleged, in substance, that the Athens Manufacturing Company was insolvent; and while it did not appear, upon the trial of the present case, whether the proceeds of the sale of the company's assets were sufficient to pay its debts, it was shown that the stockholders received no part of such proceeds. In view of the doctrine of notice as stated in the code section just quoted, and the rule that a purchaser who relies on an implied warranty must exercise caution in discovering defects, it is manifest that Brooks must be held to have had knowledge, at the time he bought the stock, of the fact that the company was insolvent, or at least that, on account of its financial condition, it was likely that its stockholders would receive nothing on their stock, when the affairs of the company were wound up by receivers under the pending bill. This being true, he could not recover on an implied warranty for any loss caused by such known infirmity in the stock, but would have to rely for a recovery on proof of damages, and the amount thereof, suffered by him by reason of the unknown fact that the company was not an existing corporation, because of the previous expiration of its charter, when he bought the stock. There was no evidence tending to show what amount of damages, if any, Brooks had sustained by reason of the existence of the fact that the charter had expired. If there had been left in the hands of the receivers any assets of the company, after

its debts and the expenses of the receivership had been paid, then he, as the assignee of Camak's interest therein, would have been entitled to participate in such assets to the extent of his holdings (Civil Code, § 1886) ; and it is true, as we have already noted, that neither he nor any other stockholder received anything from the receivers. Furthermore, we recognize the general rule that when property bought turns out to be totally worthless, the purchase-price with interest is a fair measure of damages. Manifestly, however, this rule is not applicable when there is nothing to show that the worthlessness of the article is due to the defect assigned as a breach. Brooks was not paid anything by the receivers, for the reason that there was nothing left for the stockholders, after the assets of the company had been appropriated to the payment of its indebtedness and the expenses of the receivership; and the evidence very strongly, if not conclusively, indicates that the sole cause of his receiving nothing was the insolvency of the company at the time he traded with Camak and its continued insolvency after that time. Certainly there was no evidence tending to show that Brooks would have received anything from the sale of the company's assets but for the expiration of its charter prior to his purchase of what purported to be stock therein. It did not appear that the expiration of its charter was the sole ground of the receivership of the company, but, on the contrary, as we have previously intimated, the judge in his order appointing receivers recited the allegations in the original bill as to the insolvency of the company, and evidently put the receivership, partly at least, on that ground. If it be granted that the expiration of the charter was one of the grounds of the receivership, then there was no evidence to indicate that as a result of this alone Brooks was damaged to the amount for which he sued, or that he was injured thereby in any definite sum for which a verdict might have been rendered in his behalf. Under the decisions of this court which we have cited, the burden was upon him of showing, not only that he was damaged by reason of the fact that the charter of the company had expired at the time he purchased what purported to be stock therein, but also of furnishing to the jury sufficient data as a basis for a verdict. We have no difficulty in arriving at the conclusion that he failed to carry such burden, and therefore that the verdict for the defendant was demanded.

2. The motion for a new trial complained that the court admitted, over the objection of the plaintiff that it was immaterial and irrelevant, the decision appointing receivers for the Athens Manufacturing Company "on the ground, among others, that its charter had expired." In view of the foregoing discussion, the relevancy of that evidence is apparent, as it showed that the expiration of the company's charter was not the sole cause of the receivership.

3. Another ground urged for a new trial was, "Because, after the jury had retired to consider said case, at their request or at the request of some of them, they were furnished by the bailiff in charge with volumes of the reports of the Supreme Court of Georgia, as will appear from the affidavit of T. S. Mell, one of plaintiff's counsel, herewith submitted," etc. In his affidavit Mr. Mell states, that during the trial of the case, and "at the time that the jury had assembled in the court-room to be recharged," there were taken from the jury-room, by order of the presiding judge, designated volumes of the reports of the Supreme Court, and that the bailiff in charge of the jury stated to the court that many of these volumes he had given to the jury at the request of some of the jurors. This ground of the motion was not meritorious; because, in order for misconduct of the jury to be cause for a new trial, it must affirmatively appear that neither the party complaining, nor his counsel, had any knowledge of such misconduct before the verdict. *Lyman v. State,* 69 *Ga.* 404 (4); *Kirk v. State,* 73 *Ga.* 620 (3); *Wynn v. City etc. Ry.,* 91 *Ga.* 344 (3), (17 S. E. 649). See also *Massey v. State,* 124 *Ga.* 24 (52 S. E. 78). Such fact did not affirmatively appear in this case; but on the contrary, from the affidavit of Mr. Mell, it appears that he knew of the misconduct when the jury was recharged and, of course, before the rendition of the verdict.

From the view we have taken of the case, it is unnecessary to pass on any other assignment of error presented by the main bill of exceptions; and as the judgment therein complained of is affirmed, the cross-bill is dismissed.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur, except Holden, J., who did not preside.*