1414.   CARTER v. SMITH & SONS.

1. Appearance and pleading to the merits may amount to a waiver of service; and, therefore, by appearance and pleading, irregularities and defects in service may likewise be waived, unless appearance is made with a distinct protestation that no jurisdiction has been acquired by the court.   It is only when the court has no jurisdiction of the subject-matter that appearance and pleading will not amount to a waiver, even though no exception be at the same time taken to the jurisdiction. If the court would have jurisdiction but for a defect in the service, or failure to serve, appearance and pleading will amount to a waiver, unless the appearance be made and the plea be filed with the distinct protestation that the court is without jurisdiction.   Service of process can effectuate nothing more than the defendant has done by his own act in appearing and pleading.

2. Sections 4981 and 5080 of the Civil Code must be construed together; and where a party pleads to the merits, and no question as to the jurisdiction of the court is made, defects in the process and in the entries of service are thereby waived, notwithstanding the filing of a demurrer at the same time.

Complaint, from city court of Baxley—Judge Thomas.   August 7, 1908.

Submitted December 8, 1908.—Decided March 16, 1909.

*Padgett & Watson,* for plaintiff.

*Parker & Highsmith,* for defendants.

RUSSELL, J.   J. G. Smith & Sons, a corporation, filed a suit upon a note in the city court of Baxley, against Carter and others, with the usual process attached.   The entry of service as to Carter was in the following words:   "I have this day served the defendant J. H. Carter with a true copy of the within petition and process by leaving said copy at his place of business."   At the appearance term Carter filed the following traverse of the return

of service: "Now, at this the first term of the court after the defendant J. H. Carter has had notice of the existence of the above case, and at this his first opportunity so to-day comes into court and files this his traverse to the return of the sheriff as to the service made upon him, and, traversing said return, says: that the said return is not sufficient in law; with the said return is no service at all; and that said return is not sufficient to bring this defendant into court and authorize a judgment against him, the return traversed being as follows: 'Georgia, Appling County. I have this day served the defendant, J. H. Carter, with a true copy of the within petition, by leaving a copy at his place of business. This 17th day of July, 1908. D. J. Branch, deputy sheriff, city court of Baxley,' and his traverse for insufficiency, in that it does not discriminate the place of business, nor does it contain sufficient allegations to show that any legal service has been made upon this defendant. Wherefore this defendant prays that this his traverse be sustained and that he be discharged." This traverse was duly sworn to. At the same time Carter moved in writing to dismiss the suit "because the entry of the sheriff as to service upon this defendant shows that as a matter of law this defendant has not been served with a copy of the petition and process, as provided by·law." At the same time Carter, together with one Kicklighter, another defendant, filed a plea to the merits, without any protestation to the jurisdiction of the court. The judge of the city court seems to have tried the traverse and the motion to dismiss (which he terms a demurrer) together, and passed an order overruling and dismissing the traverse and the demurrer, upon the ground that the defendant Carter filed a plea to the merits, of even date with the filing of the traverse and demurrer, in which plea the right to traverse and demur was not reserved, and that thereby the defendant waived the right either to traverse or to demur. Exception is taken to the judgment striking the traverse and the demurrer.

We think the court properly struck the demurrer. It is technically a written motion to dismiss, but, this being its nature, it was not improperly considered by the lower court as a demurrer. In his brief, counsel for the plaintiff in error seems to be of the impression that the court considered the traverse as the demurrer, and that he overlooked the motion to dismiss, which was on a

separate sheet within the same cover as the traverse. We can not concur in this conclusion. For the reasons stated above, the motion to dismiss could properly be called a demurrer; and the inference that the judge, in striking the traverse, treated it as a demurrer is not supported; for, in his order in connection with the demurrer, he several times refers specifically to the traverse; and the traverse should have been stricken, because the sheriff was not a party thereto. The only question in the case is whether the defendant waived service by appearance and pleading. Of course it must be conceded that where the court has no jurisdiction, appearance and pleading will not serve to confer jurisdiction; but where the jurisdiction of the court, if service of the process had been effected, is not denied, or, as in the present case, is admitted, provided the defendant has been properly served, the effect of appearance and pleading to the merits is not to confer jurisdiction upon the court without jurisdiction, but to waive one of the essentials of the suit, necessary to its progress in a court having jurisdiction either of the person or of the subject-matter involved. The Civil Code, §4981, declares: "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." Section 5079, while declaring that "parties, by consent, express or implied, can not give jurisdiction to the court as to the person or subject-matter of the suit," proceeds to declare that the jurisdiction may, however, be waived so far as the rights of the parties are concerned, but not so as to prejudice third parties. Section 5080 declares: "If a defendant appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he thereby admits the jurisdiction of the court." It is upon this latter section that the plaintiff in error bases his writ of error, and makes the contention that inasmuch as he excepted to the jurisdiction, by motion to dismiss or demurrer at the same time that his plea was filed, no waiver of the jurisdiction resulted. He cites the decisions in *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532 (4 S. E. 921), and *Cox* v. *Potts,* 67 *Ga.* 521, in support of this proposition. Neither of these cases is in point. It is true that contradictory pleas may be filed; and a plea to the jurisdiction is, after all, but a dilatory plea. We think that under the doctrine laid down in *High* v. *Padrosa,* 119 *Ga.* 649 (46 S. E. 859),

as well as the earlier ruling in *Moulton* v. *Baer,* 78 *Ga.* 218 (2 S.
E. 471), the defendant should either have waited to file his plea
until after the motion to dismiss had been considered, or, better
still, should have filed the plea with a distinct and express pro-
testation of the court's lack of jurisdiction, embodied in the plea
as a part thereof. In *Moulton* v. *Baer,* supra, Justice Hall, de-
livering the opinion of the court, held, that "there was no error
in overruling the demurrer to the want of process. Inasmuch as
the defendant appeared and pleaded to the merits, he thereby
waived it. That appearance and pleading shall be a waiver of all
irregularities of process, or of the absence of process and the serv-
ice thereof, is expressly provided by §3335 of the code" (now
§4981). Even if the decision in the *Pitts* case, supra, conflicted
with what is held in the *Moulton* case, it would have to yield to
the older decision, inasmuch as the *Moulton* case has not been re-
viewed and overruled. But in the *Pitts* case, upon which the
plaintiff in error relies, Chief Justice Bleckley was treating wholly
of practice in justices' courts, and makes plain the distinction
between the application of the rule as related to such courts and
when applied to courts of record. In the *Pitts* case he alludes
to the fact that but for the summons there is nothing to take the
place of a declaration. He says: "The complaint of error in
refusing to dismiss the case for want of service, and of error in
continuing the case and ordering service perfected, is predicated
upon this state of facts: The summons was issued on the 21st
of October, 1885, and on the 26th a return was made by the con-
stable in these words: 'Served a copy upon defendant, Parrott,
by leaving it at his office.' At the appearance term in November,
the defendant's counsel moved to dismiss the case for want of
service. The justice declined to hear the motion then, because the
plaintiff's attorney was absent, but stated that the moving counsel
might file his answer, and that he should lose no right. The
counsel did file an answer, in which he not only set forth and in-
sisted upon his objection as to the service, but also pleaded to
the merits of the case. The cause was continued by the court,
and at the following term, in December, both parties announced
ready for trial, and the motion to dismiss was renewed, and though
argued was not decided; but the court granted, at the instance of
plaintiff's counsel, a continuance to perfect service." The *Pitts*

case really turned upon the fact that the justice's court had no right to grant an order allowing service to be perfected. As there said by Chief Justice Bleckley: "Continuance to perfect service is unknown to the law applicable to these courts. Service which has to be perfected is no service. These courts can not put a patch upon defective service and mend it, though they may allow their officers to patch and perfect defective returns. A summons to appear at November term could not call upon the defendant to appear at a subsequent term, without altering it so as to express the latter in place of the former; and to do that would be to remodel the summons and make it virtually a new process. The summons is the suit, and to make a new return day for it, and alter it accordingly, and then serve, would be, in all essential respects, to begin a new action. In the superior courts, there is something to stand between the process and the antecedent nothing, to wit, the declaration; and the process may be amended by substituting one term for another. . . In the case of a declaration or other pleading in the superior court, there is something to amend, and something to amend by, but these supports are wanting in a justice's court, after the summons has expired for lack of timely service." We see from this that the point now presented by counsel for plaintiff in error was not the point upon which the judgment of the lower court was reversed. In fact the ruling in the *Pitts* case, so far as applicable to the point now before us, supports the rule we have announced in this opinion. The Supreme Court in that case says: "As to the effect of pleading to the merits, we think such pleading, when done in writing,— and it was so done in the present case,—waives service, unless the want of service is likewise pleaded; and this was also done in the present case. The waiver does not result where the whole answer, taken together, shows that none could have been intended. Had a plea to the merits alone been filed, the objection, for want of service, would have been waived. *Smith* v. *Taylor,* 11 *Ga.* 20."

In the *Cox* case, supra, no plea was filed. Counsel for Cox, upon the call of the appearance docket, orally answered, and their names were marked. At that time this was held to be equivalent to a filing of a plea of general issue; but Chief Justice Jackson, in delivering the opinion, held only that the plea which would effect a waiver of service must be a written plea; and the case

turned also upon the fact that at the time that the counsel for the defendant, Cox, had their names marked and orally answered, it was stated to the court that Cox was a resident of Taylor county, and that the only purpose of appearance was to plead to the jurisdiction of the superior court of DeKalb county. It is manifest to us that §4981 and §5080 should be· construed together; and we hold the true rule to be, that where the court would have jurisdiction but for a defect in the service, or failure to serve, either a defect in the service or total failure to serve the defendant is waived, if he appears and pleads to the merits without expressly disclosing in his plea any intention of submitting to the jurisdiction of the court. On the other hand, if the court is without jurisdiction of the person or the subject-matter, or of the res involved in litigation, jurisdiction will not be conferred, although the defendant may appear and plead, unless the jurisdiction be expressly waived; and as to an action in rem, of course, no waiver would affect the rights of third persons.

The traverse was properly dismissed, because the officer was not a party; and the motion to dismiss, treated as a demurrer, was properly overruled, because the defendant filed his plea and waived service of process.       *Judgment affirmed.*