32373. FARLOW *v.* JEFFCOAT *et al.*

DECIDED FEBRUARY 24, 1949.

*Nathan Jolles*, for plaintiff in error.

*Congdon, Harper & Leonard*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Notwithstanding the bill of exceptions recites that this court has jurisdiction because the suit is "for damages and does not involve any extraordinary remedy, equitable relief, or any subject matter the jurisdiction of which is vested in the Supreme Court," counsel for the plaintiffs insist the petition sets forth a cause of action in equity. The prayer of the petition is for process and a money judgment. No equitable relief is prayed. In *Taylor Lumber Co.* v. *Clark Lumber Co.*, 159 *Ga.* 393, 395 (125 S. E. 844), it is held as follows: "It is well settled in this State, that, in determining the question whether a case is one at law or in equity, the nature of the relief sought, rather than the form of the allegations of the complaint, is important. So while some of the allegations of the petition are appropriate to a proceeding in equity, the general scope and only prayer thereof seek legal relief."

■ It is insisted that plaintiffs are entitled to maintain this action as an equitable one, in order to avoid a multiplicity of lawsuits. However, the petition shows on its face that if each of the plaintiffs will voluntarily perform his obligation to his particular co-plaintiff who is his obligee, there will be no necessity for more than one lawsuit.

■ The petition does not present an action in equity and this court has jurisdiction.

■ A warranty of the title to personal property does not run with the article sold. If the title is not good, the vendee must look to him from whom he purchased and to whom he paid the consideration. The remedy of the subsequent purchaser is against the immediate seller. See *Smith* v. *Williams*, 117 *Ga.* 782, 784 (45 S. E. 394, 97 Am. St. R. 220).

It follows that none of the plaintiffs have any privity of contract with the defendant except Jeffcoat and Caine, and for this reason the petition fails to state a cause of action against the defendant in favor of the plaintiffs, Heath, Connell, and R. S. Evans Columbia Inc.

■■ In determining whether or not there is a cause of action set out on behalf of the plaintiffs, Jeffcoat and Caine against the defendant, we must give special consideration to paragraphs 10 and 11 of the petition as follows: "10. That said A. A. Jeffcoat and E. M. Caine, when they paid the full loss sustained by said Heath, will have a legal, enforceable claim against E. W. Farlow for failure of the warranty of title of said Farlow to them for reimbursement for the loss which said Jeffcoat and Caine will sustain when they pay said Ed Heath, which loss will be more than one thousand six hundred twenty-five ($1,625.00) dollars. 11. That the petitioners herein have adjusted the amounts of their claims against each other upon their covenant of warranty among themselves, but the said E. W. Farlow has failed and refused to pay the sum of one thousand six hundred twenty-five ($1,625.00) dollars, for which he is liable by reason of the breach of the warranty of title arising out of the sale of said automobile by said Farlow to the petitioners A. A. Jeffcoat and E. M. Caine." From paragraph 10 it may be fairly inferred that the plaintiffs, Jeffcoat and Caine have not yet paid the full loss sustained by the plaintiff, Heath. Paragraph 11 on the other hand indicates that such payment has been made, as it alleges that, "petitioners herein have adjusted the amounts of their claims against each other." This results in an ambiguity in the petition which must be construed unfavorably to the plaintiffs. See many cases under Code (Ann.) § 81-101, catchwords "Ambiguous pleadings."

Thus construed the petition is taken to allege that plaintiffs, A. A. Jeffcoat and E. M. Caine have not yet paid the full loss sustained by Heath, but that when they do they will have a legal and enforceable claim against the defendant; that the plaintiffs have reached an agreement among themselves about what the liability of each vendor will be to his respective vendee upon the final outcome of the case.

Section 20-1402 of the Code provides in part as follows: "Damages are given as compensation for the injury sustained."

According to the allegations of the petition the plaintiffs, Jeffcoat and Caine, are at present the holders of the purchase price of the stolen automobile which they received from Heath. Until they refund this sum to Heath, they are not injured, because the petition alleges in substance that they received more from Heath for the automobile than they paid Farlow for it.

It follows that the petition fails to state a cause of action in favor of Jeffcoat and Caine, and since the petition fails to state a cause of action in either law or equity in favor of any of the plaintiffs, the trial court erred in overruling the demurrer.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*