### 33883. CULVERHOUSE *v.* WOFFORD *et al.*

CARLISLE, J. 1. While it is true that, where a petition sets forth a cause of action under any theory, it is error to dismiss the petition as against a general demurrer (*Wometco Theatres* v. *United Artists Corp.,* 53 *Ga. App.* 509, 511 (1), 186 S. E. 572); and, while the petition contains some of the elements of an action for fraud and deceit, and some of the elements of an action for breach of warranty, it fails to state a cause of action for either.

(*a*) Construed as an action for fraud and deceit, the petition does not allege generally, or facts from which the inference could be drawn, that the defendant wilfully misrepresented the automobile purchased by the plaintiff to be a 1948 model, that the defendant knew the car purchased to be a 1947 model, or that, if the representation was recklessly made, it was made with the intent to deceive. Code, § 105-302; *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509 (144 S. E. 400), and cases cited.

(*b*) Construed as an action for breach of warranty, the petition, construed most strongly against the pleader, fails to show that the plaintiff sustained any damage by the alleged breach of the warranty. "Since damages are given as compensation for the injury sustained, the petition in a suit for breach of implied warranty of personal property must, in order to withstand general demurrer, affirmatively show that the plaintiff has suffered loss by reason of such breach." *Farlow* v. *Jeffcoat,* 78 *Ga. App.* 653 (52 S. E. 2d, 30). While it is alleged in the petition that the plaintiff paid $1684.94 for the 1947-model car which he purchased, and that his damage was the difference between "a 1948 Dodge valued at $1484.94 and a 1947 Dodge valued at $1284.94," it is nowhere alleged that the car which he received was not worth the price which he paid for it; that is to say, it is nowhere alleged that the market price of the automobile on the day of its purchase was less than its contract price. See, in this connection, *Toole* v. *Davenport,* 63 *Ga.* 160; *Moulton* v. *Baer,* 78 *Ga.* 215 (2 S. E. 471); *Thompson* v. *Martin,* 84 *Ga.* 11 (10 S. E. 369);

*Brooks* v. *Camak,* 130 *Ga.* 213 (60 S. E. 456); *Cook* v. *Robinson,* 19 *Ga. App.* 207 (91 S. E. 427).

It follows from what has been ruled above that the trial court did not err in sustaining the general demurrer to the petition as amended.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED MAY 1, 1952.

*Wm. B. Greene,* for plaintiff.

*Jefferson L. Davis, J. R. Cullens,* for defendant.

Walter G. Culverhouse Jr. brought an action against Wofford-Whitfield Motor Company, a partnership composed of W. E. Wofford Jr. and J. E. Whitfield for an alleged indebtedness of $200. The material allegations of the petition as amended are as follows: "3. The said indebtedness arose by reason of the following state of facts: On the 18 day of March, 1950, your petitioner and Wofford-Whitfield Motor Co. entered into a conditional sales contract by which the defendant was to sell and convey one used 1948, 6 cylinder Dodge Club Coupe, Custom, Motor Number D24-352128, and serial number 30975742 to your petitioner for the sum of $1684.94, insurance included; of this amount $500 was payable on or before delivery, leaving a deferred balance of $1184.94 to be paid in 18 instalments of $65.83 each commencing on 18 April, 1950, and continuing until paid in full. Said contract containing the following provisions as to waranties [was], 'No warranties express or implied, representations, promises or statements have been made by seller unless endorsed hereon in writing. No modification of any of the terms or conditions hereof shall be valid in any event, and the purchaser expressly waives the right to rely thereon, unless made in writing fully executed by the holder of this contract.' . . Petitioner shows further that [the car] as described and sold to him was not a 1948 model, but was a 1947 of the same make and character, all resulting in his damages in the difference of [the] value of said two models. 4. That said automobile was purchased of defendant, as defendant well knew, as a 1948 model Dodge as part of the sale and consideration and that defendant represented said car to be as such, and that your petitioner relying on said representation and believing the same to be true, bought said car at and for the said price, said model representation being

false. 5. Petitioner says that at the time of purchase he had no way of knowing the true model of the car and that as soon as the true model was discovered he notified defendant, and offered to return said car. [This paragraph was struck by amendment and the following substituted in its place: 'Petitioner says that as soon as the true model was discovered, on or about the 31st April, 1951, he notified defendant.'] 6. Petitioner states that said contract is now executed and complete. [By amendment, the following paragraph was added: '6A. Petitioner says that he has been damaged in the amount of $200 by reason of defendant's breach of warranty as to the model of the car as set out in the contract embodied in the present petition. Said damages being the difference between a 1948 Dodge valued at 1484.94 and a 1947 Dodge valued at 1284.94.']"

The general and special demurrers to the petition as amended were renewed, and the court sustained the general demurrer and dismissed the petition, to which judgment the plaintiff excepted.