36935.   STANDARD OIL COMPANY OF KENTUCKY *v.* MANSFIELD.

DECIDED JANUARY 16, 1958—
REHEARING DENIED FEBRUARY 3, 1958.

*J. R. Cullens, Richard A. Denny, Jr.,* for plaintiff in error.
*Wm. A. Ingram,* contra.

NICHOLS, Judge.   The defendant's demurrers, both general and special, are based on the contention that a paragraph of the lease sued on, attached as an exhibit to the petition, set forth a condition precedent to the lease, and that, since the petition failed to allege that such condition had been met or that a legal excuse existed for the non-fulfillment thereof, the petition was subject to its demurrers.

The paragraph of the lease relied on by the defendant is as follows: "6. It is expressly understood and agreed between the lessor and lessee that the effectiveness of this lease throughout its entire term, is absolutely contingent on the ability of the lessee to secure from the proper municipal, county, and State authorities

and adjoining neighbors, proper and adequate licenses and permits to enable said lessee to operate and maintain its business on said property for and during the period of this lease, or any renewal thereof."

If the above quoted paragraph is in fact a condition precedent, the petition is fatally defective since it was not alleged that the condition was performed, and no good legal excuse was pleaded as to why such condition had not been performed. *Griswold* v. *Scott,* 13 *Ga.* 210; *Bruce* v. *Crews,* 39 *Ga.* 544 (99 Am. D. 467); *Daniel* v. *Dalton News Company,* 48 *Ga. App.* 772 (173 S. E. 727). If, on the other hand, the above quoted condition is a condition subsequent, then it is a matter of defense and the petition would be good as against the defendant's demurrers. *Reid* v. *Fain,* 134 *Ga.* 508 (68 S. E. 97); *Loewenherz* v. *Weil,* 33 *Ga. App.* 760 (127 S. E. 883).

In order to determine whether the above quoted condition of the lease is a condition precedent to the lease becoming effective or a condition subsequent which would, in effect, lapse the lease, after it became effective, it is necessary also to consider paragraph 2 of such lease which reads as follows: "2. This lease to become effective, and the first payment of rent shall be due on the date that the building lessee is to construct on said property shall be completed and opened for business; or six (6) months after the date that said U.S. Highway 41 (4-lane) is opened for traffic, and said highway shall be deemed to be opened for traffic at the time when the physical blockades obstructing such traffic, are removed from said highway, whichever be first, and this lease is to remain in force for a period of twenty (20) years from the date of the first payment of the monthly rent hereunder."

The lease did not become effective the date that it was entered into between the parties, but became effective upon the occurrence of one of the two conditions precedent contained in paragraph 2 of the lease, which occurred first. The plaintiff alleged that the highway was opened for traffic on November 6, 1954, and that the lease became effective and the rental started on May 6, 1955, under such paragraph 2 of the lease.

Paragraph 6 of the lease, quoted above, did not provide that the lease should not become effective unless the lessee should be able to procure the necessary licenses to operate and maintain its

84

business, but on the contrary provided that the "effectiveness of this lease throughout its entire term" should be contingent upon the ability of the lessee to procure such licenses. The term of the lease was fixed by paragraph 2 thereof, quoted above, and the provisions as to the ability of the lessee to procure the proper licenses, as contained in paragraph 6, quoted above, operated during the entire term of the lease.

In the case of *Reid* v. *Fain*, 134 *Ga.* 508, supra, the Supreme Court held: "1. A provision in a lease, that 'in the event that a retail liquor license can not be secured by said second party for this store, this lease will be void.' is a defeasance, and in an action against the tenant for a breach of the lease contract it will not be required of the plaintiff in his petition to negative the defeasance of the contract; but if the defendant relies on the defeasance as an avoidance of his contract, he must plead and prove his defense." In the present case the provisions in paragraph 6 of the lease were not conditions precedent as to the beginning of the lease but were conditions subsequent, as defined by Code § 20-110, which would operate to relieve the lessee from making rental payments during any period that a license or licenses were not available to it. The plaintiff in the present case, the lessor, was not bound to allege that the defendant, the lessee, had procured such licenses or that they were available to the lessee since this was a matter of defense which the lessee, if it desired, could plead.

The trial court did not err in overruling the defendant's demurrers to the petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*