## 38464. HEWLETT v. MOORE.

TOWNSEND, Judge. 1. The essential allegations of an action for deceit are: (1) that the defendant made the representations; (2) that he knew at the time the representations were false; (3) that he made them with the intention to benefit himself or to deceive and injure the plaintiff; (4) that the plaintiff acted upon the faith of the representations; and (5) that the

plaintiff sustained the alleged loss and damage as the proximate result of the false representations having been made. *Young v. Hall*, 4 Ga. 95, 98; *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727(3) (16 S. E. 2d 176). "To make out a cause of action for fraud and deceit it is necessary to allege that the person defrauding by false statements or by representations inducing the other person to act to his injury knew that the representations were false and made the same with the intent to deceive and defraud on existing facts. See *Code* § 105-302." *C. M. Miller Co. v. Ramey*, 82 Ga. App. 807, 809 (62 S. E. 2d 768).

2. The petition in this case alleges that the defendant, through a named agent and employee, negotiated with the plaintiff for the sale of his house; that said agent was informed that the plaintiff did not wish to buy the house unless it was connected to city sewerage; that the agent assured the plaintiff the premises were so connected; that four or five months after the purchase of the house, the plaintiff, through her son, discovered that the house and lot were not connected with city sewerage but to a septic tank; that the misrepresentation was material and involved a latent defect not discoverable through ordinary inspection; that the plaintiff relied on the representations of the defendant's agent; that it will cost $228 to connect the house to city sewerage and accordingly the plaintiff has been damaged in this sum. The petition fails to allege, however, that the representations were made with knowledge of their falsity or with any fraudulent intent, or that they were made for the purpose of inducing the plaintiff to enter into the contract. "In any suit sounding in tort for damages on account of actual fraud, the gist of the action is the purpose and design to deceive." *Penn Mutual Life Ins. Co. v. Taggart*, 38 Ga. App. 509, 511 (144 S. E. 400). A petition failing to allege that the defendant knew the statement was false at the time of its utterance, or that he made it with intent to deceive, is subject to general demurrer. *Culverhouse v. Wofford*, 86 Ga. App. 58 (70 S. E. 2d 805). *Southern v. Floyd*, 89 Ga. App. 602 (80 S. E. 2d 490) cited by the plaintiff in error alleges a wilful concealment of the defect in the furnace by hiding the broken places with a temporary filling. In *Fenley v. Moody*, 104 Ga. 790 (30 S. E. 1002) also cited by the plaintiff in error, both knowledge of

the falsity of the statement and the intention to deceive are alleged. The petition here failed to set out a cause of action, and the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED SEPTEMBER 30, 1960.

*Nicholson & Fleming, John Fleming,* for plaintiff in error.
*Sanders, Thurmond & Hester, C. B. Thurmond, Jr.,* contra.