40352.  AMERICAN SERVICE COMPANY v. BERRY.

414

DECIDED OCTOBER 2, 1963.

*Edenfield, Heyman & Sizemore, Maurice N. Maloof,* for plaintiff in error.

*Wotton, Long, Jones & Read, Calhoun A. Long,* contra.

RUSSELL, JUDGE. ■ The lease contains a provision as follows: "The lease contains the entire agreement of the parties, and no representation, inducements, promises or agreements between the parties not embodied herein shall be of any force or effect." If this provision is given effect, as it must be for any action on a breach of contract, no warranty or representation made by the defendant's agent but not embodied in the contract can be relied upon; the right of action, if it exists, must exist within the contract itself without regard to any prior representations or commitments of either party. *Shinall Brothers v. Skelton,* 28 Ga. App. 527 (112 SE 163); *Georgia Agricultural Works v. Price,* 11 Ga. App. 80, 83 (74 SE 718). Where all the elements of an action for deceit are present, where one party is induced to enter into a contract because of false misrepresentations by the opposite party, he ordinarily may at his election either re-

scind the contract and base his right of action on the fraudulent inducement, or he may affirm the contract and seek damages thereunder. If he affirms the contract he is of course bound by the stipulation in the contract that he has not entered into it on the representations of the opposite party; if he rescinds he is not bound by this agreement, which, being a part of the contract fraudulently procured, falls with it, but he must allege all the elements of an action for deceit: that the representations were made by the defendant knowingly falsely and with the intent of deceiving, and that the plaintiff relied thereon to his injury. *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176); *Hewlett v. Moore,* 102 Ga. App. 506 (116 SE2d 660). There is no allegation here that the representations were known by the defendant to be untrue when made, or that they were made with the intent of deceiving the plaintiff and fraudulently inducing him to enter into the contract. No cause of action based on this theory is set forth, from which it follows that the allegations as to the prior representations of the defendant regarding the adjoining property are mere surplusage and must be ignored.

■ There remains the question of whether the petition sets out a right of action for breach of some provision of the lease contract, and for this purpose, without deciding the question of whether the letter delivered by the defendant to the plaintiff simultaneously with it is in fact a part of the lease, we will consider it as being so for the purpose of this discussion. The lease without consideration of the letter contains no covenant concerning freedom from competition and no reference to the adjoining property. The letter makes the lease contingent on two outside events: the plaintiff procuring a beer license, and beer not being sold on the adjoining Schaeffer premises. It then states, "In the event either of these two conditions are not met as set forth above, then the lease agreement dated April 24, 1962, is null and void." Thus, the clear language of the letter itself does not refer to these events as obligations, covenants, warranties, or agreements, but as contingencies and conditions. The effect of the occurrence of a condition subsequent, when the contract so clearly states, is to work a defeasance; in other

words, the event in and of itself acts as a termination of the lease agreement under its own terms, in the absence of a waiver of such provision by the parties. *Reid v. Fain,* 134 Ga. 508 (1) (68 SE 97); *Standard Oil Co. of Ky. v. Mansfield,* 97 Ga. App. 82 (102 SE2d 85). Thereafter, whether the act be considered a forfeiture or a rescission, neither party can rely upon any express or implied covenant in the lease a breach of which would depend upon the continuance of the lease. Such situation usually arises where the lease stipulates a forfeiture as the result of some act of the lessee, as, for instance, failure to pay the rent when due. " 'A forfeiture which the lessor elects to assert terminates the lease, and with it all unaccrued liabilities of the lessee upon his covenants and stipulations in the lease dependent upon the continuance of the term. Thus as a general rule the lessee is relieved from liability for subsequently accruing rents, in the absence of a stipulation in the lease for his continued liability.' 16 R. C. L. 1137." 59 ALR, Anno. pp. 1018, 1019.

The lease here did not bind the lessor to prevent Schaeffer from selling beer on his own leased premises; it merely provided for termination of the Berry lease upon this contingency. Therefore, at the time the plaintiff lessee gave notice of termination, no breach of covenant by the lessor had occurred such as would render it liable in damages. After the rescission all rights of both parties acquired under the lease were at an end. The plaintiff has set forth no action in contract because he fails to show any breach by the defendant prior to termination, and no action in tort because he has alleged no duty of the defendant toward him independent of the contract.

Since the petition fails to set forth a cause of action, the trial court erred in overruling the general demurrers.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*