## 53057. RAINS INVESTMENT COMPANY, INC. v. GEORGE ROE & ASSOCIATES, INC. et al.

ARGUED NOVEMBER 2, 1976 — DECIDED NOVEMBER 12, 1976 — REHEARING DENIED NOVEMBER 29, 1976.

*Cofer, Beauchamp & Hawes, James H. Rollins,* for appellant.

*Gary C. Furin,* for appellees.

DEEN, Presiding Judge.

We deal here with a usufruct, whereby the appellee-lessee received only the right to possess the leased premises in return for its covenant to pay rent. Code § 61-101. The appellee urges that the evidence compels a finding that it was constructively evicted from possession and has a defense therefore to the action for rent. We disagree.

Assuming without deciding that the "stipulation" is a covenant by the lessor not to rent to a competitor of the appellee, we must strictly construe it. *Guerin v. Webster,* 233 Ga. 521 (212 SE2d 352); *Village Enterprises v. Ga. R. Bank &c. Co.,* 117 Ga. App. 773 (161 SE2d 901); *American Service Co. v. Berry,* 108 Ga. App. 413 (133 SE2d 433). Construing it strictly, it is the lessor who covenants not to lease to a competitor without the appellee's prior approval; there is no covenant that the lessor will restrain its other tenants from subletting to those in such competition. To constitute an eviction which will operate as a suspension of rent, there must be either an actual expulsion of the tenant or some act of permanent character by the *landlord* with the intention of depriving the tenant of the enjoyment of the premises. *Potts-Thompson Liquor Co. v. Capital City Tobacco Co.,* 137 Ga. 648 (74 SE 279). Acts of another tenant, as here, by subletting to a competitor of the appellee, cannot amount to a constructive eviction. *Eley v. L. & L. Mfg. Co.,* 30 Ga.

App. 595 (118 SE 583).
*Judgment reversed. Webb and Smith, JJ., concur.*